[Civ. No. 64856. Second Dist., Div. Two. June 18, 1982.]

FREMONT INDEMNITY COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ROBERT L. HENDRICKS, Real Party in Interest.

COUNSEL

Strantz & Fine and Bonnie Fine for Petitioner.

No appearance for Respondent.

Louis G. Fazzi, Shernoff, Lipsky & Blickenstaff, Mallery & Stern and Mallery, Stern & Warford for Real Party in Interest.

OPINION

BEACH, J.—

### NATURE OF PROCEEDING:

Petition for writs of prohibition and mandate to superior court after the court overruled the demurrer of defendant Fremont Indemnity Company, an insurance carrier, to an action brought by injured worker. We issued an alternative writ.

The present action involves a matter of pleading in the superior court. Although generally matters of pleading are best left to the sound discretion of the trial court, we entertained and accepted this petition because

the trial court erred in an important respect concerning jurisdiction between the superior court and the Worker's Compensation Appeals Board (WCAB) in workers compensation matters. The preferred policy is to repose in the WCAB as much as possible resolution of problems and alleged claims arising out of worker's compensation matters.

## DISCUSSION:

In *Everfield v. State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15 [171 Cal.Rptr. 164], we held that a complaint, almost identical in its material allegations to that at bench, stated no cause of action. In *Everfield*, as at bench, an injured worker made application before the WCAB and received worker's disability benefits from his employer through its insurance carrier. The employee Everfield subsequently brought action in the superior court against the insurance carrier alleging consistent delay in payments of compensation, arbitrary reduction of compensation, intentional disregard by insurance carrier of the WCAB's subpoena order, all of which acts it was alleged were on the part of the insurance company resulting in physical and emotional suffering to the employee. The complaint similarly, as at bench, contained allegations that all of the acts of respondent were done intentionally, deceitfully, fraudulently and in bad faith with intent to injure plaintiff, and whereby he was seeking $20 million in damages.

At bench plaintiff seeks to maintain the same type of action in the superior court. Here, too, plaintiff alleges the same kind of conduct by three separate purported causes of action consisting of (1) breach of duty of fair dealing in good faith, (2) severe infliction of emotional distress, and (3) breach of statutory duties. There is no material difference between the complaint at bench and that discussed and presented in *Everfield*. At bench, plaintiff asserts that there is a difference in that the plaintiff here has suffered added physical and emotional distress arising not in the course of employment but outside of the course of employment; and all caused by the alleged wrongful acts of defendant insurance company in denying and withholding or otherwise failing to properly pay him his worker's compensation. That is not a distinction which removes the exclusive authority and jurisdiction of the WCAB. That is precisely the same situation and argument presented in *Everfield*. What was stated in *Everfield* applies here.

Again, we stress that there are no allegations of separate acts alleged sufficient to remove defendant's insurance carrier from its capacity as

an insurance carrier for the purposes of invoking the tort liability incurred by reason of conduct in a different capacity as explained and was the case in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063].

The purported third cause of action, based upon violation of an insurer's statutory duties pursuant to Insurance Code section 790.03, adds nothing to the complaint. As in *Everfield*, the failure to pay promptly, fully and investigate fairly violate the same statutory duties as well as provisions of the California Labor Code. Although the conduct may appear to violate similar provisions of a different statute, the conduct falls within the provisions of the Labor Code. It does not create an additional cause of action exclusively within the jurisdiction of the ordinary trial courts. The fact that an insurance company is involved is insufficient to remove the matter from the exclusive jurisdiction of the WCAB.

The complaint fails to state a cause of action. Let a writ issue directing the superior court to enter a new and different order sustaining the demurrer of defendant Fremont Indemnity Company to the complaint of Robert L. Hendricks.

Compton, Acting P. J., and Gates, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied August 18, 1982.