[Civ. No. 64279. Second Dist., Div. Five. Aug. 10, 1982.]

JOYCE DEPEW, Plaintiff and Appellant, v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY,
Defendant and Respondent.

**COUNSEL**

Karl Seuthe and Eric Bryan Seuthe for Plaintiff and Appellant.

Overton, Lyman & Prince, Roger E. Hawkins and Kelley K. Beck for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—This is an appeal from an order of dismissal entered after respondent's demurrer to appellant's first amended complaint was sustained without leave to amend.

The question presented in this appeal is whether appellant may maintain an action at law against respondent Hartford Accident and Indemnity Company (Hartford) for its alleged failure to pay workers' compensation benefits awarded to her.

Appellant sustained injury while employed by the Ventura County Association for the Retarded, and was awarded temporary disability benefits of $154 per week which Hartford, as the workers' compensation insurance carrier for her employer, was directed to pay. Appellant claims that Hartford paid only a pro rata portion of the award, and ceased payments altogether on the basis of a medical report which it obtained shortly before the award became final. Appellant filed a complaint in superior court, based on section 790.03 of the Insurance Code.[1] Hartford successfully argued in its demurrer that the provisions of the Insurance Code were inapplicable to this case and appellant's claim was within the exclusive jurisdiction of the Workers' Compensation Appeals Board. We conclude that the trial court correctly dismissed the action on that basis.

In California there is an elaborate statutory scheme, set forth in the Labor Code, for adjudication of claims against employers by employees who are injured in the course and scope of employment. Labor Code section 3600 sets forth the conditions under which an employer is liable for such injury, and section 3601 provides that the right to recover under section 3600 is the exclusive remedy available to an employee. The only exception to the "exclusive remedy" requirement was set forth by our Supreme Court in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063], where the court held that the insurance carrier is not insulated by sections 3600 and 3601 when it intentionally commits outrageous and extreme conduct totally unnecessary to and far beyond the bounds of normal investigation and defense of a worker's claim. In *Unruh*, such "outrageous" conduct occurred where the investigator for the insurance carrier placed the plaintiff under surveillance and thereafter caused her to become emotionally involved with him. He took her to Disneyland where, among other things, he induced her to cross a rope bridge and a barrel bridge,

---

[1]That section defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. Violations of that section have been held to give rise to a cause of action by insureds or third party claimants for bad faith against the errant insurance company. (*Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329].)

violently shaking both bridges while a hidden codefendant took motion pictures of the entire scene. These activities not only aggravated the plaintiff's injury, but when the movies were shown at the board hearing, thus revealing the scheme to the plaintiff, she suffered an emotional breakdown.

█ Appellant attempted to bring this case within *Unruh* by amending her complaint to allege that Hartford's conduct was "outrageous," "extreme," and "totally unnecessary to and far beyond the bounds of normal investigation and defense" of her worker's compensation claim. Not surprisingly, this effort failed. The conduct complained of here—namely, the failure to pay benefits, falls far short of the type of "outrageous and extreme" conduct contemplated by *Unruh*.[2]

Appellant is further hampered by section 5300 of the Labor Code, which provides in pertinent part: "All the following proceedings shall be instituted before the appeals board and not elsewhere, except as otherwise provided in Division 4.

"(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto.

"(b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person."

The meaning of this statutory language could not be more plain: The forum for appellant's claim for "the recovery of compensation" is the Workers' Compensation Appeals Board, and not the superior court.

The issue here is basically the same as the issues before the court in *Ricard, supra,* and in *Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15 [171 Cal.Rptr. 164], which Hartford contends, and we

---

[2]On similar facts, the same conclusion was reached by the court in the recent case of *Ricard* v. *Pacific Indemnity Co.,* (1982) 132 Cal.App.3d 886, 894 [183 Cal.Rptr. 502]. The court noted wryly that it was "not so naive as to believe that insurance carriers do not on occasion frustrate the objectives of the workers' compensation statute by intentionally dragging their feet." The court concluded, however, that the insurer's conduct, which appeared on its face to be nothing more than the rejection of what the company considered to be an improper claim, did not amount to "outrageous conduct" within the meaning of *Unruh,* and thus the plaintiff's complaint did not allege facts sufficient to remove the matter from the exclusive jurisdiction of the Workers' Compensation Appeals Board.

agree, governs this case. The appellant in *Everfield* was awarded and received worker's disability benefits from his employer through its insurance carrier (respondent). The appellant brought an action in superior court alleging that the respondent insurance company consistently delayed payments, arbitrarily reduced the periodic amount paid, and intentionally disregarded a subpoena duces tecum, all resulting in physical and emotional suffering to appellant. It was further alleged that the respondent acted "intentionally, deceitfully, fraudulently and in bad faith," which the appellant claimed justified an award of damages in the amount of $20 million.

In affirming the trial court's order of dismissal, entered after respondent's demurrer was sustained without leave to amend, the court held that the appellant had not alleged the type of "outrageous and extreme" conduct which would bring his case within *Unruh*, and further stated:

"If every case in which there is a delay, a change of amount, or a disobedience to a subpoena could be brought into a court of law by an unhappy worker by merely alleging that the acts were intentional, deceptive, outrageous and fraudulent, . . . it would make [a] shambles of the workers' compensation system now quickly and efficiently handled for the benefit of the injured workers by the Workers' Compensation Appeals Board.

"The reasons for the delay, whether intentional or negligent, whether excusable or not, can be well inquired into by the board and where necessary discipline imposed." (115 Cal.App.3d at p. 19.) The "discipline" referred to by the court is outlined in Labor Code section 5814 which provides that the board may assess a 10 percent penalty against the insurer when it finds that "payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award."

As in *Everfield*, appellant's alleged cause of action is based upon a delay in payment of a claim. "It follows that based upon what we have explained, the exclusive jurisdiction over such matters correctly reposes in the Workers' Compensation Appeals Board, and irrespective of what suspected evil motives plaintiff wishes to ascribe to such delay, [she]

simply cannot allege a cause of action based upon the delay and the change in the amount of payment." (115 Cal.App.3d at p. 21.)[3]

The judgment of dismissal is affirmed.

Feinerman, P. J., and Stephens, J., concurred.

---

[3]See also *Fremont Indemnity Co. v. Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184], in which Division Two of this court, citing its opinion in *Everfield*, held that the plaintiff's complaint did not contain facts sufficient to state a cause of action, and that plaintiff's claim was within the exclusive jurisdiction of the WCAB.