[Civ. No. 66337. Second Dist., Div. Two. Feb. 15, 1983.]

STEPHEN DENNING, Plaintiff and Appellant, v.
ESIS CORPORATION et al., Defendants and Respondents.

COUNSEL

David W. Graf, Banks, Leviton, Kelley, Drass & Kelsey and Fred J. Knez for Plaintiff and Appellant.

Brill & Hunt, Charles J. Le Beau, Kegel, Tobin & Hamrick and Galen F. Griepp for Defendants and Respondents.

OPINION

ROTH, P. J.—On August 21, 1981, appellant Stephen Denning filed his first amended complaint against respondents for damages, bad faith and emotional distress, alleging in material part that:

"3. ESIS CORPORATION [is] engaged in the business of writing, selling, adjusting, underwriting and/or administering workers' compensation insurance benefits within the State of California; and . . . that defendant GARRETT AIRESEARCH CORPORATION is and was, at all material times alleged herein, permissibly self-insured for purposes of workers' compensation . . . .

"4. Plaintiff is informed and believes, and upon such information and belief alleges that on or before June 28, 1979, defendants GARRETT AIRESEARCH and ESIS CORPORATION entered into a contract and/or agreement whereby defendant, ESIS CORPORATION became obligated to adjust and administer workers' compensation benefits by and for defendant GARRETT AIRESEARCH CORPORATION and that plaintiff was a third party beneficiary of said contract and agreement.

"5. On or about June 28, 1979, plaintiff suffered injuries arising out of and during the course of his employment as an air conditioning and refrigeration engineer for defendant, GARRETT AIRESEARCH CORPORATION; by reason of said injury, plaintiff became eligible for workers' compensation benefits and defendant became obligated to provide swift and certain workers' compensation benefits as required by law.

"· · · · · · · · · · · · · · · · · · · · · · · ·

"7. Defendants, and each of them, breached their obligations to plaintiff and did not act in good faith and did not deal fairly with plaintiff, but on the contrary, wrongfully, unfairly, unreasonably and in bad faith, failed and refused to provide swift and certain compensation benefits to plaintiff with a conscious disregard for plaintiff's rights and sensibilities.

". . . . . . . . . . . . . . . . . . . . .

"9. The conduct of defendants . . . was intentional, and . . . caused plaintiff to become dependent on others for support and subsistence; caused plaintiff to sell or pawn off personal property to maintain a living; caused damage to plaintiff's credit and reputation; and thereby, caused plaintiff to suffer shame, humiliation and great emotional and mental distress.

"10. As a direct and proximate result of the unreasonable, unfair, wrongful, fraudulent and bad faith conduct by defendants . . . plaintiff has sustained and continues to sustain great emotional and mental distress, anguish, anxiety, embarrassment and humiliation, . . .

". . . . . . . . . . . . . . . . . . . . .

"12. The conduct of defendants, and each of them, in doing the things herein alleged, was oppressive, malicious, and outrageous and was done with a conscious disregard for plaintiff's rights, . . .

". . . . . . . . . . . . . . . . . . . . .

"18. By the aforesaid acts, omissions and course of conduct of defendants, and each of them, defendants have violated the statutory duties as set forth in California Insurance Code § 790.03(h)."

█ Concluding that "The gravamen of this complaint is the failure of plaintiff's employer to pay to him . . . worker's compensation benefits which were due. . . . Such a failure is squarely cognizable by the WCAB.", the trial court sustained respondents' demurrers without leave to amend and ordered the cause dismissed. This appeal followed.

It is unnecessary to belabor the matter. Based on the decisions of this court in *Fremont Indemnity Co.* v. *Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184] and *Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15 [171 Cal.Rptr. 164], we are persuaded the trial court's ruling was correct.[1]

---

[1]Labor Code section 5814, specifically speaking to the question, provides in pertinent part that: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. . . ."

(See also *Depew* v. *Hartford Acc. & Indem. Co.* (1982) 135 Cal.App.3d 574 [185 Cal.Rptr. 472]; *Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886 [183 Cal.Rptr. 502].)

The order appealed from is affirmed.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1983.