[No. A025674. First Dist., Div. Three. May 30, 1985.]

GALE SANTIAGO et al., Plaintiffs and Appellants, v.
EMPLOYEE BENEFITS SERVICES et al., Defendants and Respondents.

## COUNSEL

M. P. Dailey, Mark Tanner and Dailey & Hyman for Plaintiffs and Appellants.

Clark W. Patten, Sedgwick, Detert, Moran & Arnold, Mark G. Bonino, Lawrence M. Guslani and Ropers, Majeski, Kohn, Bentley & Wagner for Defendants and Respondents.

## OPINION

**MERRILL, J.**—Appellant Gale Santiago received an award from the Workers' Compensation Appeals Board (Appeals Board) in September 1982 for an injury which occurred during the course and scope of his employment. On July 15, 1983, appellants Gale Santiago (Gale) and Lynda Santiago (Lynda) filed a complaint based on respondents' alleged refusal to pay the award. Respondents EBI Services, Inc.,[1] and Elaine Barker, and respondents Thomas, Hall & Kirby, Richard J. Lyding and Douglas R. Kirby, filed demurrers to the complaint. Respondents based their separate demurrers on the ground that appellants' exclusive remedies are prescribed by the workers' compensation act and that the superior court lacked jurisdiction to decide the action. The trial court sustained the general demurrers and entered a judgment of dismissal. This appeal followed.

I

Appellant Gale's industrial injury occurred while he was employed at Salinas Valley Memorial Hospital (Hospital), which was self-insured for workers' compensation purposes. The Appeals Board awarded him the payment of benefits for his injuries. In April 1983, the Appeals Board granted Gale a 10 percent penalty on his award for the Hospital's delay in payment of the original award. His complaint alleges that these benefits were not paid or were not paid in a timely fashion. As a result, appellants allege

---

[1]Respondent EBI Services, Inc., was erroneously sued herein as "Employee Benefits Services, a corporation."

damages for wrongful refusal to pay insurance benefits, violation of Insurance Code section 790.03, subdivision (h), intentional infliction of emotional distress, loss of consortium, and abuse of process. Appellants named as defendants EBI Services, Inc., the corporation which administers the self-insured workers' compensation program for the Hospital, Elaine Barker, an adjustor for EBI Services, Inc., and Thomas, Hall & Kirby, Richard J. Lyding and Douglas R. Kirby, attorneys representing the Hospital in the workers' compensation proceeding.

## II

Appellants argue that their action may be maintained, as an employer's independent adjusting agency and its representatives do not come within the exclusive jurisdiction of the Appeals Board. Instead, appellants assert that an independent adjusting agency and its representatives are regulated by the Insurance Code and thus are not immune from civil liability. (See Ins. Code, §§ 790.03, subd. (h), 14000 et seq.) According to appellants' line of reasoning, as adjusting agencies are not specifically included in the workers' compensation act as an "employer" or "insurer," the provisions of the Insurance Code applying to "all persons engaged in the business of insurance" prevail. (See Lab. Code, § 3211; Ins. Code, § 14000 et seq.) Such a contention is not persuasive. Appellants' remedy is with the Appeals Board, not in superior court.

The California workers' compensation act (Act) provides an elaborate and complete scheme for the adjudication of claims by employees against employers for injuries "arising out of and in the course of" their employment. (Lab. Code, § 3600.) There are but a few limited circumstances which allow an employee to ignore the exclusive remedies of the Act and bring an action in superior court. The underlying purpose of the Act is to provide a quick, simple and readily accessible method of claiming and receiving compensation. (*Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 20 [171 Cal.Rptr. 164].)

Proceedings which in any manner concern the recovery of compensation, or any right or liability "arising out of or incidental thereto" are to be instituted solely before the Appeals Board. (Lab. Code, § 5300, subd. (a).) Moreover, the Act allows for a specific remedy of a 10 percent penalty in the event payment of a compensation award is unreasonably delayed or refused. (Lab. Code, § 5814.) In addition, the Appeals Board has the authority to impose successive penalties for successive delays in payment. (*Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 823 [153 Cal.Rptr. 590, 591 P.2d 1242].) The mere delay or failure to pay a workers' compensation award is not a basis for an independent lawsuit. (*Ricard* v.

*Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886, 894 [183 Cal.Rptr. 502], citing *Noe* v. *Travelers Ins. Co.* (1959) 172 Cal.App.2d 731, 737 [342 P.2d 976].)

The Court of Appeal on numerous occasions has considered questions similar to the one presented by the instant appeal. Consistently, we have held that when the gravamen of the complaint is the delay of or refusal to make payment of a compensation award, the exclusive jurisdiction is with the Appeals Board, and the remedy of Labor Code section 5814. (See *Cervantes* v. *Great American Ins. Co.* (1983) 140 Cal.App.3d 763 [189 Cal.Rptr. 761]; *Denning* v. *Esis Corp.* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118]; *Droz* v. *Pacific National Ins. Co.* (1982) 138 Cal.App.3d 181 [188 Cal.Rptr. 10]; *Depew* v. *Hartford Acc. & Indem. Co.* (1982) 135 Cal.App.3d 574 [185 Cal.Rptr. 472]; *Fremont Indemnity Co.* v. *Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184]; *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d 15.) However, in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063], our Supreme Court created a narrow exception to the Appeals Board's exclusive jurisdiction in workers' compensation claims in those instances when the employer's insurance carrier intentionally commits outrageous and extreme conduct totally unnecessary to the normal investigation and defense of a claim. (*Id.,* at p. 630.)[2] The court held that these affirmative acts outside the scope of a customary insurance investigation caused the carrier to step out of its proper role and be liable in an action at law. (*Ibid.*)

In *Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d 879, the complaint against an insurance carrier consisted of causes of action for the breach of duty of fair dealing in good faith, breach of statutory duties under Insurance Code section 790.03, subdivision (h), and the intentional infliction of emotional distress. The insurance carrier in *Fremont Indemnity* allegedly delayed and arbitrarily reduced compensation payments. Relying on *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at page 15, the court held that the plaintiff had failed to allege facts sufficient to remove the case from the exclusive jurisdiction of the Appeals Board. (*Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d at pp. 881-882.) Allegations of severe emotional distress because of failure to pay workers' compensation benefits are not sufficiently outrageous acts to give rise to an exception to the Appeals Board's jurisdiction. (*Ibid.,* citing *Unruh*

---

[2]In *Unruh* it was alleged that an insurance investigator placed the injured employee under surveillance and then caused her to become romantically involved with him. He then took her to Disneyland and enticed her to cross a rope bridge and a barrel bridge. As the employee crossed, the investigator shook the bridge violently, requiring the employee to show her agility. The entire sequence of events was secretly filmed. (7 Cal.3d at p. 621.)

v. *Truck Insurance Exchange, supra,* 7 Cal.3d at p. 616.) Further, the court held that allegations of violations of statutory duties pursuant to Insurance Code section 790.03 "adds nothing to the complaint." Simply because conduct appears to violate provisions of the Insurance Code in addition to the Labor Code does not remove the case from the exclusive jurisdiction of the Appeals Board. (*Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d at p. 882.)

In *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at page 19, the court held that a complaint based on allegations of intentional, negligent, or "fraudulent" or "outrageous" delay in payment of an award, does not state a cause of action in superior court. The proper forum is the Appeals Board which is empowered by statute to investigate the reason for delayed payment and enforce discipline. (*Ibid.*) Where "[t]he gravamen of the cause of action is simply the delay in payment . . . [i]t follows that . . . the exclusive jurisdiction over such matters correctly reposes in the Workers' Compensation Appeals Board and irrespective of what suspected evil motives plaintiff wishes to ascribe to such delay, he simply cannot allege a cause of action based upon the delay and the change in the amount of payment." (*Id.,* at p. 21.)

Finally, like the instant action, *Denning* v. *Esis Corp., supra,* 139 Cal.App.3d 946, involved a complaint against a self-insured employer and the company that administered workers' compensation benefits on behalf of said employer. The complaint alleged causes of action for bad faith failure to pay compensation benefits, intentional infliction of emotional distress and violation of statutory duties under Insurance Code section 790.03, subdivision (h), because of the defendant's failure to pay compensation benefits. Relying on *Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d at page 879, *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at page 15, and Labor Code section 5814, the Court of Appeal affirmed the judgment of dismissal. The court approved the ruling of the trial court that " '[t]he gravamen of this complaint is the failure of plaintiff's employer to pay to him . . . worker's compensation benefits . . . . Such a failure is squarely cognizable by the WCAB.' " (*Denning* v. *Esis Corp., supra,* 139 Cal.App.3d at p. 948.)

Keeping these principles in mind, we turn first to appellants' cause of action for statutory violations of the Insurance Code section 790.03, subdivision (h), which lists various unfair insurance settlement practices. Appellants' complaint alleges that each of the respondents is subject to said provisions as each is a "person engaged in the business of insurance." (See Ins. Code, § 790.01.)

Appellants assert that a cause of action is stated because the conduct of an independent adjusting agency and its representatives does not specifically come within the purview of the Act and therefore the exclusive remedy provisions are inapplicable. Instead, they claim such agencies are only regulated by the Insurance Code. Further, they argue that if the order sustaining the demurrer is affirmed, the agency itself can never be penalized for its allegedly wrongful actions since, pursuant to section 5814 of the Labor Code, the 10 percent penalty is to be paid by the employer or the insurance carrier.

Appellants place reliance on *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], for their argument that civil actions may be filed against any persons engaged in the business of insurance for violations of the Insurance Code. *Royal Globe* is readily distinguishable for two reasons. The *Royal Globe* case may not be applied to the instant case because it did not concern a workers' compensation claim. Further, the Supreme Court in *Royal Globe* did not extend liability for Insurance Code violations pursuant to section 790.03, subdivision (h), to "all persons engaged in the business of insurance," including independent adjusting agencies. Instead, the Supreme Court simply held that a cause of action may be stated by a third party claimant against an "insurer" for violations of subdivision (h). (*Id.,* at p. 884.) ■ An independent adjusting agency, hired by a self-insured company, may not be considered an "insurer" within the meaning of Insurance Code section 790.03. (See *Richardson* v. *GAB Business Services, Inc.* (1984) 161 Cal.App.3d 519, 525 [207 Cal.Rptr. 519].) Respondents EBI Services, Inc., Elaine Barker, the claims representative, Thomas, Hall & Kirby, attorneys for the Hospital, and the two individual attorneys, Richard J. Lyding and Douglas R. Kirby, may not be considered "insurers" by any stretch of the facts.

Further, appellants' argument that respondent EBI's alleged wrongful denial of benefit payments will go unredressed is speculative. Assuming the Appeals Board imposes a penalty against the employer for delayed payment of benefits because of its adjusting agency's wrongful acts, the employer may have a remedy for reimbursement against such agency.

The instant case is comparable to *Denning* v. *Esis Corp., supra,* 139 Cal.App.3d at pages 948-949, wherein we affirmed the sustaining of a demurrer on a cause of action against an adjusting agency for violations of the identical Insurance Code provisions. The crux of the cause of action below, as in *Denning,* was the alleged failure to pay compensation benefits. Such conduct is clearly within the exclusive jurisdiction of the Appeals Board. (*Ibid.; Depew* v. *Hartford Acc. & Indem. Co., supra,* 135 Cal.App.3d at pp. 577-579.) A cause of action for violation of Insurance

Code section 790.03, subdivision (h), cannot be stated for conduct which falls exclusively under the Appeals Board's jurisdiction. The exclusive jurisdiction of the Appeals Board is not eliminated simply because appellants allege that respondents' conduct violates the Insurance Code in addition to the Labor Code. (See *Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d at p. 882; see also *Denning* v. *Esis Corp., supra,* 139 Cal.App.3d at pp. 948-949.)

■ The reasoning of the *Denning* and *Fremont* cases is equally applicable to appellants' cause of action for Insurance Code section 790.03, subdivision (h), violations against respondents Thomas, Hall & Kirby, Richard J. Lyding and Douglas R. Kirby. Any delay in payment to appellants which this law partnership or its individual attorneys may allegedly have been responsible for must be handled by the Appeals Board pursuant to its authority under Labor Code section 5814.

Neither may appellants' cause of action for wrongful refusal to pay insurance benefits be maintained against these respondent attorneys. As the cases state, where the essence of the complaint is a delay or a failure to pay compensation benefits, the proper forum is the Appeals Board. (See *Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d at pp. 881-882; *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at pp. 19-21.) In addition, the attorneys were not parties to any contract with appellants. There is no basis in fact which would give rise to the implied covenant of good faith and fair dealing. Absent a contractual relationship, respondent attorneys could not be guilty of breach of this covenant.

■ We next review appellants' cause of action for intentional infliction of emotional distress resulting from respondents' alleged failure to pay the compensation benefits. Again, the *Denning* case is controlling. Relying on *Fremont Indemnity Co.* v. *Superior Court, supra,* the Court of Appeal in *Denning* held that a cause of action is not stated for intentional infliction of emotional distress against an adjusting agency based upon the nonpayment of compensation benefits. (*Denning* v. *Esis Corp., supra,* 139 Cal.App.3d at pp. 948-949.) The alleged nonpayment of compensation benefits is not sufficiently outrageous so as to fall within the *Unruh* exception to the Appeals Board's exclusive jurisdiction. (*Fremont Indemnity Co.* v. *Superior Court, supra,* 133 Cal.App.3d at pp. 881-882, citing *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d at p. 616.)

■ Appellants' assertion that *Unruh* holds a cause of action is stated by an injured employee for any intentional tort is incorrect. The Supreme Court held that when an insurer commits intentional acts that are so outrageous and extreme it no longer remains within its proper role, it becomes

liable in an action at law as a " 'person other than the employer.' " (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d at pp. 628-630.) In order to fall within this exception to the Appeals Board's exclusive jurisdiction, allegations of reprehensible conduct are required. (*Ricard* v. *Pacific Indemnity Co., supra,* 132 Cal.App.3d at p. 893.) Appellants' cause of action does not allege sufficiently outrageous and extreme conduct on the part of any of the respondents as required by *Unruh.* Also, in respect to the respondent attorneys there are no factual allegations showing any conduct on their part other than rendering legal services to the Hospital. Any delay caused by their conduct was in the use of procedures provided for under the Act.

Appellant Lynda's cause of action for loss of consortium also fails to state a claim upon which relief may be granted. ■ Since appellant Gale's injury is compensable under the workers' compensation act, his spouse cannot recover in an action at law for loss of consortium resulting from this injury. (See *Casaccia* v. *Green Valley Disposal Co.* (1976) 62 Cal.App.3d 610, 612 [133 Cal.Rptr. 295]; *Williams* v. *State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116, 123 [123 Cal.Rptr. 812]; *Gillespie* v. *Northridge Hosp. Foundation* (1971) 20 Cal.App.3d 867, 871 [98 Cal.Rptr. 134].) Thus, the exclusivity of the remedies under the Act extend to actions for loss of consortium.

The present system of workers' compensation has imposed reciprocal concessions upon employer and employee. The employer accepts liability without fault and is denied such common law defenses as contributory negligence and the fellow servant rule. The employer is assured of limited liability under a complete statutory scheme which provides for medical expenses and which allots a scheduled sum in lieu of both lost earnings and general damages. (See *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at pp. 20-21; *Williams* v. *State Compensation Ins. Fund, supra,* 50 Cal.App.3d at pp. 122-123; *Gillespie* v. *Northridge Hosp. Foundation, supra,* 20 Cal.App.3d at p. 871.) In exchange for this comprehensive system of assured compensation, the employee foregoes most separate tort actions he or she may have against his or her employer, including a spouse's action for loss of consortium. (*Gillespie* v. *Northridge Hosp. Foundation, supra,* 20 Cal.App.3d at p. 871.)

■ A further allegation is made that respondents committed an abuse of process by filing a petition for reconsideration of the award of the Appeals Board. Appellants' claim is that this resulted in needless proceedings and a delay in the payment of the award. Respondents, however, were only availing themselves of a procedure provided for in the workers' compensation act. Here again, the exclusivity of the jurisdiction of the Appeals

Board is dispositive of the issue and appellants may not pursue this claim in the superior court.

The order sustaining the demurrer and the judgment of dismissal are affirmed.

White, P. J., and Barry-Deal, J., concurred.