[No. B007800. Second Dist., Div. One. Dec. 2, 1985.]

RICHARD CAPLAN, Plaintiff and Appellant, v.
FIREMAN'S FUND INSURANCE COMPANY,
Defendant and Respondent.

## COUNSEL

Rose, Klein & Marias and Anthony A. Trendacosta for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, Harold H. Brown, Roy G. Weatherup, John R. Seashore and Robert M. Dato for Defendant and Respondent.

## OPINION

**HANSON (Thaxton), J.**—Appellant Richard Caplan (Plaintiff) filed an action in the superior court naming as defendant Fireman's Fund Insurance Company (Fireman's Fund), respondent herein. Plaintiff was injured in the course and scope of his employment with Columbia Pictures whose workers' compensation carrier was Fireman's Fund. In his complaint, Plaintiff prays for general damages, punitive damages in the sum of $5 million and attorney fees for the alleged "wrongful refusal to pay insurance benefits," "bad faith," violation of Insurance Code section 790.03, subdivision (h), and intentional and negligent infliction of emotional distress all essentially based upon an alleged unreasonable delay in paying workers' compensation benefits, including failure to notify him of an available rehabilitation program.

The superior court (Hon. Charles E. Jones, Judge Presiding) granted defendant Fireman's Fund's motion to dismiss concluding that exclusive jurisdiction over the claims pursued by plaintiff rests with the Workers' Compensation Appeals Board (WCAB). Plaintiff appeals. We affirm.

 The sole issue on appeal is whether or not the claims alleged by Plaintiff against Fireman's Fund rests exclusively within the jurisdiction of the WCAB.

Plaintiff's reliance on *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063] is grossly misplaced. The

conduct complained of in the instant case is markedly distinguishable from that in *Unruh.* Here, the conduct complained of falls a country mile short of the type of "outrageous and extreme" conduct contemplated by *Unruh.*

We flat-out hold that the trial court correctly dismissed the instant action. It is unnecessary to belabor the point or rehash the matter in view of the clear statutory mandate (see Lab. Code, §§ 3600, 3601, 5300 and 5814) as construed ad nauseam and ad infinitum by a spate of Court of Appeal decisions, many of which petitions for hearing have been denied by the state Supreme Court. (See *Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15 [171 Cal.Rptr. 164] (petn. for hg. den., Apr. 2, 1981); *Fremont Indemnity Co.* v. *Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184] (petn. for hg. den., Aug. 18, 1982); *Cervantes* v. *Great American Ins. Co.* (1983) 140 Cal.App.3d 763 [189 Cal.Rptr. 761] (petn. for hg. den., May 18, 1983); *Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886 [183 Cal.Rptr. 502] (petn. for hg. den., Aug. 11, 1982); *Depew* v. *Hartford Acc. & Indem. Co.* (1982) 135 Cal.App.3d 574 [185 Cal.Rptr. 472]; *Droz* v. *Pacific National Ins. Co.* (1982) 138 Cal.App.3d 181 [188 Cal.Rptr. 10] (petn. for hg. den., Apr. 13, 1983); *Denning* v. *Esis Corp.* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118] (petn. for hg. den., Apr. 13, 1983); *Argonaut Ins. Co.* v. *Superior Court* (1985) 164 Cal.App.3d 320 [210 Cal.Rptr. 417]; and *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679].)

"In these days of ever shrinking judicial resources, the plaintiffs' bar would be well advised to heed these rules [re exclusive jurisdiction of the WCAB] and to concentrate its energy on securing swift and simple compensation for the injured employee in the forum which has exclusive jurisdiction over the claims. Its continual efforts to make end-runs around the exclusivity provisions of the workers' compensation system would be more appropriately addressed to the Legislature in which is vested the plenary power to create and enforce the workers' compensation system. (Cal. Const., art. XIV, § 4.)" (*United States Borax & Chemical Corp.* v. *Superior Court* (1985) 167 Cal.App.3d 406, 411 [213 Cal.Rptr. 155]; fn. omitted.)

The judgment of dismissal is affirmed.

Spencer, P. J., and Baffa, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.