[No. D001811. Fourth Dist., Div. One. Mar. 20, 1986.]

PAUL DILL, Plaintiff and Appellant, v.
CLAIMS ADMINISTRATION SERVICES, INC.,
Defendant and Respondent.

Counsel

Maynard O. Kartvedt and Kartvedt, Smith & Doering for Plaintiff and Appellant.

Deborah L. Peak and McCormick & Royce for Defendant and Respondent.

Opinion

**WIENER, J.**—Do the exclusive remedy provisions of the workers' compensation system preclude this action by plaintiff Paul Dill against defendant Claims Administration Services, Inc. (CAS), the independently retained claims administrator for a self-insured employer who is alleged to have intentionally failed to pay workers' compensation benefits despite a recognition that payment of such benefits was legally mandated? The trial court answered this question by sustaining CAS's demurrer to each of Dill's five causes of action without leave to amend. We disagree with the trial court's rationale, but conclude that the demurrer as to one of the causes of action was properly sustained on the independent ground that because "insurance" and "self-insurance" are not identical, a claims administrator for a self-insured entity is not "engaged in the business of insurance" for the purposes of the statute defining unfair insurance practices.

In reaching these conclusions, we defer to the literal meaning of the Labor and Insurance Codes, which we believe are the result of energetic legislative advocacy on the part of most if not all the affected interests. We apply the literal meaning of the statutory provisions on the basic assumption the Legislature said what it meant. While this judicially restrained approach yields a conclusion favoring plaintiff Dill on the exclusive remedy issue, it also supports defendant CAS's reading of the unfair insurance practices statute. Accordingly, we affirm in part and reverse in part.

I

After Dill had worked as a disability claims clerk for Kaiser Permanente Medical Group for several years, he began to develop various medical problems including distorted vision, headaches, perception difficulties and numbness. Unable to work, Dill filed a claim for workers' compensation benefits with Kaiser in May 1982, alleging that his medical difficulties arose out of his employment. Kaiser is self-insured. Dill's claim was reviewed by CAS which administered Kaiser's workers' compensation program. In June, Kaiser filed an answer with the Workers' Compensation Appeals Board in

which it admitted Dill's headaches were a work-related injury but denied the remainder of his allegations.

After CAS refused to make any payments of any workers' compensation benefits, Dill filed this action.

Dill's complaint alleges violation of the implied covenant of good faith and fair dealing (count 1); breach of fiduciary duties (count 2); conversion of the insurance benefits to which he was entitled (count 3); breach of the statutory duties established by Insurance Code section 790.03, subdivision (h) (count 4); and intentional infliction of emotional distress (count 5). In essence, Dill says CAS's refusal to pay was in bad faith. He claims CAS knew he was entitled to benefits but nonetheless persisted in maintaining that no benefits were due. As a result, Dill argues, "he has been hounded by his creditors and has suffered severe anxiety, worry and mental distress."

CAS demurred on the sole ground that the complaint failed to allege sufficient facts to avoid the exclusive remedy bar of the workers' compensation statutes. The court sustained the demurrer, concluding only that "the exclusive remedy of Plaintiff is pursuant to the applicable State Workers Compensation statutes." Dill appeals.[1]

## II

■■ ■■■■ Labor Code section 3601[2] states the general rule that the workers' compensation system is "the exclusive remedy for injury or death of an employee against . . . the employer . . . ." Section 3852 makes clear, however, that the workers' compensation statutes do not affect the employee's right to bring an action for damages "against any person other than the employer." Section 3850 then further qualifies this general qualification by providing the word " '[e]mployer' includes insurer . . . ." Thus, as the Supreme Court explained in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 625 [102 Cal.Rptr. 815, 498 P.2d 1063], "[A] literal reading of [section 3850] would negate an action at law against the insurer as a third party under section 3852. In other words, the insurer would retain immunity from lawsuit as the '*alter ego*' of the employer." (Italics in original.)

---

[1]Dill purports to appeal from the order sustaining the demurrer, which is technically not an appealable order. However, consistent with standard practice which has by now become almost an unnecessary formality, we modify the order to include a dismissal of the complaint and construe the appeal to be from the modified order, which is appealable as a judgment pursuant to Code of Civil Procedure section 581d. (See *Wilson* v. *Household Finance Corp.* (1982) 131 Cal.App.3d 649, 651-652 [182 Cal.Rptr. 590]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 59, p. 83.)

[2]All statutory references are to the Labor Code unless otherwise specified.

In *Unruh,* the employee sued her employer's insurance carrier and others in the superior court alleging various negligent and intentionally tortious acts in the investigation of her workers' compensation claim. The major part of the opinion concerns Unruh's claim against the carrier, Truck Insurance Exchange (Truck). The court determined that while allegations of an insurer's negligence were subject to the exclusive remedy bar, an exception to the "literal reading" of section 3850 should be recognized whenever the complaint alleged that the insurer acted in an intentionally tortious manner in its investigation of an employee's claim for benefits. (7 Cal.3d at pp. 624, 630-631.) This aspect of *Unruh* has been limited by later Court of Appeal decisions to cases in which the employee alleges not only that the insurer's conduct was *intentional* but also specifies "objectively identifiable" and "independently tortious" conduct which is "distinguishable from the normal investigation expected of a workers' compensation carrier." (*Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886, 893 [183 Cal.Rptr. 502]; see also, e.g., *Depew* v. *Hartford Acc. & Indem. Co.* (1982) 135 Cal.App.3d 574, 577 [185 Cal.Rptr. 472]; *Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 19 [171 Cal.Rptr. 164].)

██ *Ricard* and similar post-*Unruh* cases deal solely with the *insurer's* ability to invoke the exclusive remedy bar. Here, CAS is not the insurer. Kaiser is self-insured and CAS performs administration and investigation services for Kaiser's self-insurance program. A literal reading of sections 3850 and 3852 does not preclude a suit in the superior court against a person or entity who is neither an employer nor an insurer. This conclusion is confirmed by another portion of the *Unruh* opinion which considered whether demurrers filed by Farmers Insurance Group and Robert Wishman, agents of Truck, and William Baker, an insurance investigator employed by Truck (apparently as an independent contractor) were properly sustained: "It is convenient to note at this point that [the exclusive remedy] issue before us pertains only to defendant Truck, the sole compensation carrier of plaintiff's employer. Defendants Farmers and Wishman, its agents, are clearly not the employer's insurers and at least on the face of the complaint are subject to civil suit as third parties. Defendant Baker, the investigator employed by Truck, is also subject to civil suit as a third party regardless of Truck's independent liability as principal [citations]. We, therefore, conclude that the above defendants, other than defendant Truck, are persons 'other than the employer' within the meaning of section 3852, against whom plaintiff was entitled to bring an action for damages, and that the trial court erred in sustaining the demurrers on the ground of lack of jurisdiction with respect to those defendants." (7 Cal.3d at pp. 625-626, fns. omitted.) The Supreme Court's discussion does not suggest any principled distinction between an independent investigator and an independent claims administrator. Both are third persons who have contracted with the employer (in this case)

or the employer's insurer (in *Unruh*) to perform certain services. As the court explained in *Baugh v. Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043], "The employee's right to recover against a third person is not affected by the fact that the 'person other than the employer' is not a stranger but has entered into a consensual legal relationship with the employer." (See also *Bell v. Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 273 [637 P.2d 266].) It thus appears that the Supreme Court would consider CAS to be a person "other than the employer" against whom Dill is allowed to maintain an action in the superior court.

We are aware this conclusion is contrary to that reached in two recent Court of Appeal decisions which on similar facts have held that the superior court is without jurisdiction to consider a suit by an injured employee against the independent claims administrator for a self-insured employer. In *Denning v. Esis Corp.* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118], the court in two sentences of substantive discussion[3] relied on the line of Court of Appeal decisions which have limited *Unruh* (discussed *ante,* at pp. 1188-1189) in concluding that the suit was barred by the exclusive remedy doctrine. *Denning* never considered that all of the cited cases involved suits against insurance carriers rather than an independent claims administrator, nor did it discuss the relevant portions of *Unruh. Denning* was followed in *Santiago v. Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679]. Again, however, the portion of Unruh dealing with the independent investigator is never referred to. We therefore find *Denning* and *Santiago* unpersuasive and hold that under applicable Supreme Court precedent, CAS is a person "other than the employer" within the meaning of section 3852 and thus subject to suit in the superior court.

### III

■ Having applied a literal reading of the Labor Code to reach a result in Dill's favor, we use similar reasoning to affirm the trial court's decision as to the fourth cause of action based on Insurance Code section 790.03, the unfair insurance practices statute. Dill claims CAS's wrongful failure to pay him benefits violated the statute. CAS responds by noting that section 790.03, by terms of a related statute (see Ins. Code, § 790.01) is only

---

[3]Other than citing to previously decided cases, the only support for the *Denning* holding is found in a footnote reference to section 5814 which allows the WCAB to increase the compensation award by 10 percent where it determines that ". . . compensation has been unreasonably delayed or refused, . . ." (See 139 Cal.App.3d at p. 948, fn. 1.) Where the entity responsible for the delay is the *insurer,* this penalty is reasonably effective since it is the insurer who pays it. Where, however, it is alleged that some other entity has acted in bad faith to delay or refuse payment—in this case an independent claims administrator—the statutory penalty if assessed would be paid not by the offending party but by the employer, and hence would have no direct deterrent effect.

applicable to entities "engaged in the business of insurance." It cites *Richardson* v. *GAB Business Services, Inc.* (1984) 161 Cal.App.3d 519 [207 Cal.Rptr. 519] for the proposition that a self-insured entity and any persons employed by that entity for the purpose of investigating and adjusting claims for compensation are not "engaged in the business of insurance" within the meaning of Insurance Code section 790.01.[4]

We need not repeat the *Richardson* court's thorough analysis which concluded that "[e]ssential to insurance is the element of shifting of the risk of loss, subject to contingent or future events, by legally binding agreement." (161 Cal.App.3d at p. 523.) Here, as in *Richardson,* the employer's self-insurance scheme involves none of this contractual risk shifting.

From the standpoint of statutory interpretation, it is also worthy of note that virtually all of the subdivisions of Insurance Code section 790.03 deal with policies and contracts of insurance, and are thus inapplicable to self-insurers. Specifically, the unfair claims settlement practices which Dill alleges in his complaint are contained in subdivision (h). With one exception, the statutory language defining these unfair practices speaks either of an "insurance policy" or "policies," or the "insured." (But see subd. (h)(5).) Both concepts are foreign to self-insurance systems and strongly suggest that when the Legislature spoke of "the business of insurance," they meant insurance and not self-insurance.[5]

For reasons we have already expressed, we believe a literal reading of the statute is most appropriate in this context. We accordingly conclude the trial court properly sustained CAS's demurrer as to the fourth cause of action.

DISPOSITION

The judgment is reversed except as to the fourth cause of action where it is affirmed. Costs are awarded to appellant.

Kremer, P. J., and Kintner, J.,* concurred.

---

[4]Although not raised in its original demurrer, we nonetheless consider CAS's argument because it involves solely a question of law. (See *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].)

[5]The distinction between insurance and self-insurance was recently accepted by the court in *Bodenhamer* v. *Superior Court, ante,* pages 180, 183, footnote 4 [223 Cal.Rptr. 486].

*Assigned by the Chairperson of the Judicial Council.