199 Cal.App.3d 999 (1988)
245 Cal. Rptr. 288
CONNIE LEE HERNANDEZ, Plaintiff and Appellant,
v.
GENERAL ADJUSTMENT BUREAU et al., Defendants and Respondents.
Docket No. B024083.
Court of Appeals of California, Second District, Division Four.
March 24, 1988.
*1001 COUNSEL
Lipsky, Blickenstaff & Fenton and D. Scott Mohney for Plaintiff and Appellant.
Fisher & Prager, Girard Fisher and Wayne Pariser for Defendants and Respondents.
OPINION
WOODS, P.J.
Appellant Connie Lee Hernandez brought an action against respondents General Adjustment Bureau, an independent insurance adjuster, and its employee Diane Campbell, alleging causes of action for breach of statutory duties (Ins. Code, § 790.03), and both negligent and intentional infliction of emotional harm in connection with respondents' handling of workers' compensation benefits due her. Respondents' demurrer was sustained without leave to amend and this appeal followed.[1]
As set forth in the complaint, the facts are as follows: Appellant was employed by Circle K Corporation as a clerk at one of its markets. In September 1984, while so employed, she was robbed at gunpoint. Two weeks later she was threatened by several youths who entered and stole merchandise from the store. Appellant was required to testify at the trial of the person accused of the September robbery. At trial, she was subjected to intense pressure and intimidation by members of the accused's family, putting her in fear for her safety.
As a result of these incidents, appellant's mental and emotional health deteriorated to the point that she was unable to continue working. She filed *1002 a claim for workers' compensation benefits, providing medical records and reports detailing her serious medical and psychiatric problems which included major depression, nightmares, anxiety and repeated suicide attempts.
Circle K's workers' compensation carrier was Home Insurance Company. Respondent General Adjustment Bureau was an agent of the insurer, Home Insurance Company, responsible for handling workers' compensation claims and processing and paying benefits for Circle K. Respondent Diane Campbell was the claims adjuster specifically responsible for handling and processing appellant's claim.
There was, apparently, no question that appellant was entitled to workers' compensation benefits. Respondents were aware of appellant's physical, mental and emotional condition. Additionally, respondents were aware that, as the sole support of three children, it was imperative that appellant receive her benefits timely, without interruption or delay. Nonetheless, appellant's approved disability payments were consistently late. As a result of these untimely payments, appellant suffered anxiety, worry and mental and emotional distress as well as damage to her credit rating. Appellant alleged that respondents' conduct in respect to delays in payment of benefits was "intentional and malicious" and done with "wanton and reckless disregard of consequences" to her.[2]
Respondents demurred to the complaint on the grounds that appellant's causes of action for breach of statutory duty and negligent infliction of emotional distress were barred by the exclusivity provisions of the Workers' Compensation Act. Additionally, respondents argued that delays in payments of benefits would not support appellant's cause of action for intentional infliction of emotional distress. The demurrer was sustained without leave to amend. This appeal ensued.

I
(1) The first issue to be determined is whether an independent insurance adjuster, retained by a workers' compensation carrier, is immunized, by the exclusivity provision of the Workers' Compensation Act, from an action brought by an employee based upon an independent adjuster's mishandling of the employee's workers' compensation claim. We conclude that the exclusivity provision does not bar this action.
*1003 Labor Code section 3601 limits an employee who has been injured on the job to workers' compensation as the exclusive remedy for any claims arising out of that injury as against the employer.[3] Section 3852 provides that a claim for compensation does not bar an employee's right of action "against any person other than the employer" in connection with the compensable injury. Section 3850, subdivision (b) defines employer to include the employer's workers' compensation insurer and thereby immunizes the workers' compensation carrier from civil liability under section 3852.
The Supreme Court in Unruh v. Truck Insurance Exchange (1972) 7 Cal.3d 616 [102 Cal. Rptr. 815, 498 P.2d 1063], narrowly defined the scope of the inmunity afforded to employers by section 3850. Unruh involved an action brought by an employee-plaintiff alleging causes of action for negligence and intentional tort arising from the defendants' investigation of her workers' compensation claim. Plaintiff sued the workers' compensation carrier, an investigator employed by the carrier, and a second insurance company. A demurrer to the complaint was sustained without leave to amend. In Unrah, an insurance investigator caused plaintiff to become romantically involved with him for the purpose of eliminating her suspicions and making her more vulnerable to his investigation. Her physical capability was the subject of a filmed sub rosa investigation. Plaintiff sustained additional physical injury caused by the investigator and she was damaged emotionally when the film was shown and the investigator's subterfuge revealed.
On appeal, the Supreme Court held that plaintiff's action, as to those entities other than the actual workers' compensation carrier, was not barred by section 3852. Immunity was held not to extend to agents of the workers' compensation insurer (Truck Insurance Exchange), including their investigators, who were held to be "subject to civil suit as a third party regardless of Truck's independent liability as principal" and "persons `other than the employer' within the meaning of section 3852, against whom plaintiff was entitled to bring an action for damages,..." (Unruh v. Truck Insurance Exchange, supra, 7 Cal.3d at pp. 625-626, fns. omitted.)
In the case before us, the appellant's action is against an independent claims adjuster and its employee who were retained by the employer's workers' compensation carrier. Clearly, such defendants are neither employers nor insurers for the purposes of section 3852 as that section was construed by Unruh. They are, necessarily, "persons `other than the employer'" and, as such, subject to civil suits as third parties.
Many post-Unruh decisions have barred legal actions by injured workers for damages arising from the alleged misconduct of insurance adjusters on *1004 theories identical to those alleged by appellant in this case. However, the defendants in those cases were either the workers' compensation carrier itself (Everfield v. State Comp. Ins. Fund (1981) 115 Cal. App.3d 15 [171 Cal. Rptr. 164]; Ricard v. Pacific Indemnity Co. (1982) 132 Cal. App.3d 886 [183 Cal. Rptr. 502]; Fremont Indemnity Co. v. Superior Court (1982) 133 Cal. App.3d 879 [184 Cal. Rptr. 184]; Depew v. Hartford Acc. & Indem. Co. (1982) 135 Cal. App.3d 574 [185 Cal. Rptr. 472]; Droz v. Pacific National Inc. Co. (1982) 138 Cal. App.3d 181 [188 Cal. Rptr. 10]; Cervantes v. Great American Ins. Co., supra, 140 Cal. App.3d 763; Caplan v. Fireman's Fund Ins. Co. (1985) 175 Cal. App.3d 146 [220 Cal. Rptr. 549]), or administrators of self-insured employers (Denning v. Esis Corp. (1983) 139 Cal. App.3d 946 [189 Cal. Rptr. 118]; Santiago v. Employee Benefits Services (1985) 168 Cal. App.3d 898 [214 Cal. Rptr. 679]; Schlick v. Comco Management, Inc. (1987) 196 Cal. App.3d 974 [242 Cal. Rptr. 241]; but see Dill v. Claims Admin. Services, Inc. (1986) 178 Cal. App.3d 1184 [224 Cal. Rptr. 273]).
These distinctions are crucial, because under sections 3850 and 3852, the source of immunity from third party suits lies in the proximity of the entity claiming the immunity to the employer. Accordingly, actions against insurers are plainly barred because the insurer is the "alter ego" of the employer for purposes of these sections. (Unruh v. Truck Insurance Exchange, supra, 7 Cal.3d at p. 625.) The adjusting agent of a self-insured employer, who has no in-house claims adjuster, usually occupies a position analogous to that of an insurer and has generally been protected from third party suits.
Respondents, in the case before us, occupy no such proximity to the employer as they are concededly neither insurers nor the adjusting agent of a self-insured employer. Rather, they are an independent adjusting agent of the employers's insurer. This degree of consanguinity to the employer is too remote to afford them immunity from third party suits as an employer under section 3850.

II
This conclusion does not, however, end our inquiry. (2) We must now shift our focus to other relevant provisions of the workers' compensation statute affecting the gravamen of appellant's complaint rather than the status of the named defendants.
Section 5300 provides: "All the following proceedings shall be instituted before the appeals board and not elsewhere, ... [¶] (a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto."
*1005 Section 5814 provides, in part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts...."
In light of these provisions, appellate courts have consistently "held that when the gravamen of the complaint is the delay of or refusal to make payment of a compensation award, the exclusive jurisdiction is with the Appeals Board, and the remedy of Labor Code section 5814. [Citations.]" (Santiago v. Employee Benefits Services, supra, 168 Cal. App.3d at p. 902; Richard v. Pacific Indemnity Co., supra, 132 Cal. App.3d at pp. 893-894; Droz v. Pacific National Ins. Co., supra, 138 Cal. App.3d at pp. 184-185; Depew v. Hartford Acc. & Indem. Co., supra, 135 Cal. App.3d at p. 577; Cervantes v. Great American Ins. Co., supra, 140 Cal. App.3d at pp. 767-768; Schlick v. Comco Management, Inc., supra, 196 Cal. App.3d at pp. 979-980.)
The courts have clung to this rule notwithstanding the recognition by some that the conduct complained of respecting delays of or refusals to make payments may, in fact, violate an insurer's statutory duties under Insurance Code section 790.03. (Fremont Indemnity Co. v. Superior Court, supra, 133 Cal. App.3d at p. 882; Cervantes v. Great American Ins. Co., supra, 140 Cal. App.3d at p. 772 ["[T]he exclusivity of the workers' compensation system takes precedence over the provisions of Insurance Code section 790.03 ... and does not provide the predicate for an exception for civil actions based upon breach of good faith."]; Santiago v. Employee Benefits Services, supra, 168 Cal. App.3d at p. 905.)
Against the weight of this authority stands the single case of Dill v. Claims Admin. Services, Inc., supra, 178 Cal. App.3d 1184. In Dill, appellant brought an action against the independent administrator of a self-insured employer based on the administrator's refusal to pay benefits. Appellant alleged five causes of action including breach of Insurance Code section 790.03. A demurrer was sustained as to all causes.
On appeal, the reviewing court focused on the issue of whether the administrator was an employer under section 3850. Relying on Unruh, the court held that the administrator was not an employer but a third party against whom a civil suit could be maintained.[4] (Dill v. Claims Admin. Services, Inc., supra, 178 Cal. App.3d 1188-1189.)
*1006 Dill has been criticized, most recently by another division of the same district, for its failure to account for the jurisdictional mandate of section 5300.[5] (Schlick v. Comco Management, Inc., supra, 196 Cal. App.3d at pp. 978-980.) Schlick distinguished Unruh on the grounds that in the Supreme Court decision "the plaintiff ... did not seek damages for an alleged delay or refusal to provide compensation benefits." (Id. at p. 979; italics added.) Accordingly, the jurisdictional issue raised by section 5300 was not present in Unruh but was present, and went unaddressed, in Dill. Schlick concludes that section 5300 is dispositive of any action the gravamen of which "is the delay or refusal to pay benefits...." In such a case, "the exclusive remedy lies with the board, and a civil court has no jurisdiction to hear the claim. This is true even though the defendant is a third party. The broad jurisdictional mandate of section 5300, subdivision (a) compels this result." (Id. at p. 980; fn. omitted.)
We are compelled, therefore, to conclude that appellant's cause of action alleging violation of Insurance Code section 790.03 is barred. We abhor the injustice which necessarily follows this result. The workers' compensation statute creates a situation in which insurers and independent claims adjusters are free to engage in practices with respect to workers' compensation claimants which are otherwise proscribed by Insurance Code section 790.03. Nor is our concern original. In Ricard v. Pacific Indemnity Co., supra, 132 Cal. App.3d 886, then Court of Appeal Justice Grodin, while also concluding that an action based on delays in payment in compensation fell within the board's exclusive jurisdiction, nonetheless observed: "We recognize, of course, a distinction between negligent and intentional misconduct, and we are not so naive as to believe that insurance carriers do not on occasion frustrate the objectives of the workers' compensation statute by intentionally dragging their feet." (Id. at p. 894.) This potential for abuse was also noted by the court in Cervantes v. Great American Ins. Co., supra, 140 Cal. App.3d at pages 772-773, which concluded that resolution of the problem lay in the domain of the Legislature. This comes as small comfort to appellant and others similarly situated. We nonetheless add our voice to those who urge the Legislature to remedy this inequity by making insurance agents liable for their intentional acts under Insurance Code section 790.03 in all of their claims decisions. The penalty provided for in section 5814 should apply only to instances of ordinary negligence not intentional misconduct even in the payment of benefits.

*1007 III
Finally, we consider whether a demurrer was properly sustained to appellant's cause of action for intentional infliction of emotional distress.
Unrah tells us that agents who are clearly not employer's insurers "are subject to civil suit as third parties." (7 Cal.3d at p. 625.)
(3) The elements of a cause of action for intentional infliction of emotional distress are: (1) outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering of emotional distress; and (3) causation. (Cervantes v. J.C. Penney Co. (1979) 24 Cal.3d 579, 593 [156 Cal. Rptr. 198, 595 P.2d 975].) "Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injury through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress. [Citations.]" (Pulver v. Avco Financial Services (1986) 182 Cal. App.3d 622, 637 [227 Cal. Rptr. 491].)
(4) Appellant alleges, in essence, that, knowing her susceptibility to profound mental distress, and of her repeated attempts at suicide, as a result of the incidents which caused her disability, respondents intentionally delayed payments of approved benefits vital to the support of appellant and her three children. Under the standards set forth above, these allegations are sufficient to state a cause of action for intentional infliction of emotional distress.
The judgment is affirmed except as to appellant's cause of action for intentional infliction of emotional distress, as to which the judgment is reversed. Each side to bear its own costs.
McClosky, J., and Rothman, J.,[*] concurred.
NOTES
[1] The notice of appeal refers to a "judgment of dismissal" dated August 29, 1986. However, the only document before us bearing that date is the minute order sustaining the demurrer. This is not an appealable order. However, in the interests of judicial economy we deem the minute order to incorporate a judgment of dismissal. (Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 920-921 [167 Cal. Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518].)
[2] In Cervantes v. Great American Ins. Co. (1983) 140 Cal. App.3d 763, 767, footnote 2 [189 Cal. Rptr. 761], the court characterized like allegations as "contentions, deductions or conclusions of fact or law" which were not admitted by demurrer.
[3] All further statutory references, unless otherwise noted, are to the Labor Code.
[4] However, the court in Dill also concluded that the cause of action for violation of Insurance Code section 790.03 could not be maintained against the administrator because it could not be considered an entity engaged in the business of insurance for purposes of that section. (Id. at p. 1190.) We disagree. An independent insurance adjuster has been held to be subject to actions brought under that Insurance Code provision. (Davis v. Continental Ins. Co. (1986) 178 Cal. App.3d 836 [224 Cal. Rptr. 66].)
[5] Dill was followed by Betance v. Transport Insurance Co. (1986) 198 Cal. App.3d 267 [232 Cal. Rptr. 803]. The Supreme Court has granted review in Betance and the same court which decided it has now taken the opposite view in Schlick v. Comco Management, Inc., supra, 196 Cal. App.3d 974.
[*] Assigned by the Chairperson of the Judicial Council.