[No. G004870. Fourth Dist., Div. Three. Dec. 4, 1987.]

GREGORY SCHLICK, Plaintiff and Appellant, v.
COMCO MANAGEMENT, INC., Defendant and Respondent.

COUNSEL

Lewis, Marenstein & Kadar and Thomas L. Hoegh for Plaintiff and Appellant.

Kegel, Tobin, Hamrick & Truce and Charles Shoemaker, Jr., for Defendant and Respondent.

OPINION

TAYLOR, J.*—The Workers' Compensation Act generally precludes an industrially injured employee from maintaining an action for damages against his employer or the employer's insurer; the employee's exclusive remedy is his right to workers' compensation benefits under the jurisdiction of the Workers' Compensation Appeals Board. (Former Lab. Code, § 3601, now § 3602;[1] §§ 3850, subd. (b), 3852, 5300; *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063].) In this appeal we decide whether an employee may bring a civil action against the independent claims administrator of a self-insured employer for its failure

---

\* Assigned by the Acting Chairperson of the Judicial Council.

[1] All references are to the Labor Code unless otherwise specified. Pursuant to 1982 amendments, the exclusive remedy provisions with respect to employers are now contained in § 3602. Schlick's industrial injuries predate the effective date of the amendments. (See *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 153 [233 Cal.Rptr. 308, 729 P.2d 743].)

to pay benefits. We hold he may not; under the jurisdictional provisions of section 5300, subdivision (a), his recourse lies with the board.

## I

Gregory Schlick appeals a judgment of dismissal following the sustaining of a demurrer to his complaint without leave to amend. We therefore accept the following facts as true. Schlick was employed by the City of Anaheim, a permissively self-insured employer for workers' compensation purposes. As a result of his employment, Schlick suffered many industrial injuries for which he filed claims with the board.

While his claims before the board were pending, Schlick instituted this action against Comco Management, Inc., the independent claims administrator for the City of Anaheim. His complaint alleged breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, conversion of insurance benefits and intentional infliction of emotional distress. Each count was based on Comco's alleged failure to pay Schlick workers' compensation benefits. The complaint sought payment of those benefits,[2] as well as interest, costs, general damages for emotional distress and punitive damages.

Comco demurred to the complaint, arguing that the board had exclusive jurisdiction over the matter and that the complaint failed in other particulars to allege facts sufficient to state causes of action. The trial court sustained the demurrer without leave to amend.

## II

We first review the relevant sections of the act. Former section 3601 established the employer's general immunity from suit for the work-related injury or death of an employee; it specified an employee's right to benefits was his exclusive remedy against his employer. Section 3852 preserves the employee's right to bring suit "against any person other than the employer"; the term "employer" for purposes of this section is defined to include its insurer. (§ 3850.) Despite section 3852's authorization of third party lawsuits, certain employee grievances come within the exclusive jurisdiction of the board pursuant to section 5300. Subdivision (a) of that section grants the board sole jurisdiction over proceedings "[f]or the recovery of compen-

---

[2] The complaint seeks, inter alia, damages for loss of temporary disability benefits, permanent disability advances and vocational rehabilitation benefits.

sation, or concerning any right or liability arising out of or incidental thereto."

■ The purpose of the exclusive remedy rule is to protect the employer from unlimited liability for the industrial injuries of its employees. (2A Larson, Workmen's Compensation Law (1987) § 65.11, pp. 12-1, 12-9.) The workers' compensation system imposes upon the employer the responsibility to pay benefits without regard to fault; at the same time, the employer is assured of a fixed and ascertainable liability and "relieved of the prospect of large damage verdicts." (*Ibid.*) The employer's insurance carrier is also accorded a limited immunity as the employer's "'alter ego.'" (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d at p. 625; § 3850.)

The exclusive jurisdiction rule protects the integrity of the workers' compensation system, a comprehensive scheme designed for the worker's benefit which "provides a quick, simple and readily accessible method of claiming and receiving compensation." (*Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 20 [171 Cal.Rptr. 164].) The rule promotes the "uniform and exclusive application of the law" (*Noe* v. *Travelers Ins. Co.* (1959) 172 Cal.App.2d 731, 737 [342 P.2d 976]) and the efficient use of judicial resources.

## III

Courts have disagreed on the issue of whether an employee may sue an independent claims administrator of a self-insured employer for failure to pay workers' compensation benefits. (*Denning* v. *Esis Corp.* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118] and *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679] [suit prohibited]; *Dill* v. *Claims Admin. Services, Inc.* (1986) 178 Cal.App.3d 1184 [224 Cal.Rptr. 273] [suit permitted].) Cases that have denied the employee a right of action have stressed the board's exclusive jurisdiction over compensation claims, focusing on the substance of the complaint as the primary basis for jurisdiction. These cases recognize exclusive jurisdiction in the board where "the gravamen of the complaint is the delay of or refusal to make payment of a compensation award." (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d at p. 902; see also *Denning* v. *Esis Corp., supra,* 139 Cal.App.3d at p. 948.) The *Santiago* court cited the exclusive jurisdiction directive of section 5300, subdivision (a) in support of its conclusion. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d at p. 901.)

The opposite result was reached in *Dill* v. *Claims Admin. Services, Inc., supra,* 178 Cal.App.3d 1184, which focused on the status of the defendant

administrator and concluded it was a third party subject to suit. The court interpreted the exclusive remedy and third party action provisions of the act (former § 3601; §§ 3850, 3852) to extend immunity from civil liability only to employers and insurance carriers. It based its conclusion on a "literal reading" of the statute and on *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616. (*Dill* v. *Claims Admin. Services, Inc., supra,* 178 Cal.App.3d at pp. 1188-1189.) The *Dill* court never addressed the issue of jurisdiction nor did it mention section 5300.

*Unruh* does not compel the result reached in *Dill*. In *Unruh,* an industrially injured employee sued an insurer, its agents and its independent investigators for their actions in investigating her compensation claim. Her allegations centered around the conduct of one investigator; he had purportedly misrepresented his intentions (causing her to become romantically interested in him) and invited her to Disneyland where he inveigled her into engaging in strenuous physical activities during which she was secretly filmed. The film was exhibited at her workers' compensation hearing and the plaintiff claimed to have suffered a breakdown requiring hospitalization.

Our Supreme Court held the carrier was protected from suit for its negligent actions in investigating claims, but was not immune from liability for its intentional torts. In addition, the insurer's agents and independent investigators were held subject to suit: "[The carrier's] agents . . . are clearly not the employer's insurers and . . . are subject to civil suit as third parties. . . . [T]he investigator . . . is also subject to civil suit as a third party . . . . [T]he above defendants . . . are persons 'other than the employer' within the meaning of section 3852, against whom plaintiff was entitled to bring an action for damages . . . ." (*Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d at pp. 625-626, fn. omitted.)

The *Dill* court cited this passage in support of its conclusion an independent administrator is a third party subject to suit: "The Supreme Court's discussion does not suggest any principled distinction between an independent investigator and an independent claims administrator. Both are third persons who have contracted with the employer . . . to perform certain services." (*Dill* v. *Claims Admin. Services, Inc., supra,* 178 Cal.App.3d at pp. 1188-1189.)

There is, however, a critical distinction between these cases. *Unruh* did not involve a claim "for the recovery of compensation" within the meaning of section 5300, subdivision (a), nor did it concern liabilities "arising out of or incidental thereto." The plaintiff in *Unruh* did not seek damages for an alleged delay or refusal to provide compensation benefits. Rather, she claimed to have suffered further injuries, such as a mental and physical

breakdown, because of the tortious investigation activities of the private investigator. Section 5300, subdivision (a) was therefore inapplicable to bring *Unruh* within the board's exclusive jurisdiction. As recognized in *Dill,* the *Unruh* court merely determined " 'that [the *exclusive remedy*] issue' " did not pertain to the independent torts of third parties. (*Dill* v. *Claims Admin. Services, Inc., supra,* 178 Cal.App.3d at p. 1188, bracketed material in original, italics added.)

Post-*Unruh* amendments to the act confirm a broad legislative intent to govern the activities of third-party administrators under the act. Section 3702.1 requires administrators to obtain a certificate of consent for administering claims and specifies they are "subject to regulation only under [the act] with respect to the adjustment, administration, and management of workers' compensation claims for any self-insured employer." (Added by Stats. 1984, ch. 1521, § 2, No. 8, Deering's Adv. Legis. Service, p. 69, No. 13 West's Cal. Legis. Service, pp. 195-196.) The administrator is subject to fines, as well as revocation of its certification, for good cause. (§ 3702.7, added by Stats. 1984, ch. 1521, § 2, No. 8, Deering's Adv. Legis. Service, p. 69, No. 13 West's Cal. Legis. Service, p. 196.)

■ Accordingly, we question *Dill's* reliance on *Unruh,* and believe *Santiago* and *Denning* present the better view. Where, as here, the gravamen of the complaint is the delay or refusal to pay benefits, the exclusive remedy lies with the board, and a civil court has no jurisdiction to hear the claim. This is true even though the defendant is a third party. The broad jurisdictional mandate of section 5300, subdivision (a) compels this result.[3]

This conclusion is not inconsistent with section 3852, which recognizes an employee's "claim or right of action for all *damages* proximately resulting from the injury or death against any person other than the employer." (Italics added.) The term "damages" is defined in section 3209 as "the recovery allowed in an action at law *as contrasted with compensation.*" (Italics added.) " 'Compensation' . . . includes every benefit or payment conferred by [the act] . . . without regard to negligence." (§ 3207.) ■ Thus, an employee may not maintain a civil suit for the recovery of compensation benefits created under the act. Section 3852 merely permits him to seek civil damages from a third party "tortfeasor whose negligent or

---

[3]Schlick argues the board's exclusive jurisdiction extends only to proceedings against an employer or an insurer, citing subdivision (b) of section 5300, which empowers the board to hear proceedings "[f]or the enforcement against the employer or an insurer of any liability for compensation . . . ." However, our holding here is based on subdivision (a) of section 5300, which grants the board broad jurisdiction over *all* proceedings "[f]or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." We therefore *do not address the scope of subdivision (b), except to note that an action against an administrator for payment of benefits in effect enforces the employer's liability.*

wrongful conduct was a cause of the [compensable] injury." (Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) p. 21; see also 2A Larson, Workmen's Compensation Law (1987) § 71.00, p. 14-1.)

■ Schlick's emotional distress claim, alleging Comco withheld payment with intent to cause him emotional suffering, is included within the broad jurisdictional coverage of section 5300, subdivision (a). ■ Where the gravamen of a claim is for withheld compensation, and for claimed emotional distress arising out of or incidental thereto, the civil claim is barred by the exclusive jurisdiction provisions of the act. (*Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at p. 21.) Various cases have noted an implied exception from the act's exclusive remedy provisions for certain emotional distress claims against employers; however, those cases involved personally directed and improperly motivated employer behavior intended to cause the employee emotional suffering, and not arising out of or incidentally to mere compensation recovery. (*Hart* v. *National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420 [235 Cal.Rptr. 68] [assault, battery, abuse]; *Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833 [147 Cal.Rptr. 447] [oppressive and degrading treatment, surveillance, discrimination; first case to recognize implied exception]; cases collected and analyzed in *Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148.) Under the implied exception, "a cause of action exists only when the allegations encompass nonphysical distress which is outside the contemplation of the act." (*Valenzuela* v. *State of California* (1987) 194 Cal.App.3d 916, 923 [240 Cal.Rptr. 45].) (2c) But the act contemplates delays in compensation payment and penalties where appropriate under sections 5814 and 5814.5.[4] Where compensation is available under the act for the alleged misconduct, as it is here, the board has exclusive jurisdiction.

In *Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, our Supreme Court expressed concern that "[i]f characterization of conduct normally occurring in the workplace as unfair or outrageous were sufficient to avoid the exclusive remedy provisions . . ., the exception would permit

---

[4]Section 5814 states: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

Section 5814.5 provides: "When the payment of compensation has been unreasonably delayed or refused subsequent to the issuance of an award by an employer which has secured the payment of compensation pursuant to subdivision (c) of Section 3700, the appeals board shall, in addition to increasing the order, decision, or award pursuant to Section 5814, award reasonable attorneys' fees incurred in enforcing the payment of compensation awarded."

the employee to allege a cause of action in every case where he suffered mental disability merely by alleging an ulterior purpose of causing injury." (*Id.* at p. 160.) Similarly, to permit actions for emotional distress such as the one at hand would afford any compensation claimant a cognizable lawsuit against his employer's claims administrator by the mere allegations of delay and improper motive. Such a result would seriously undermine the exclusive jurisdiction of the act. (See *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d at pp. 19-21.) The board's exclusive jurisdiction extends to all rights and liabilities "arising out of or incidental" to "the recovery of compensation." (§ 5300, subd. (a).) That jurisdiction is broad enough to include a claim for unreasonable withholding or delay and resultant emotional distress.

The judgment of dismissal is affirmed, with Comco to recover costs.

Sonenshine, Acting P. J., and Crosby, J., concurred.