[No. A038914. First Dist., Div. One. June 23, 1988.]

JOHN PHILLIPS, Plaintiff and Appellant, v.
CRAWFORD & COMPANY et al., Defendants and Respondents.

384

**COUNSEL**

Abraham A. Flores, Jr., and Weltin, Van Dam & Flores for Plaintiff and Appellant.

Matthew S. Conant, Kathleen Harrington and Hardin, Cook, Loper, Engel & Bergez for Defendants and Respondents.

**OPINION**

**HOLMDAHL, J.—** ▮ In this appeal from a judgment following the sustaining of a demurrer without leave to amend, we determine that an action for damages against the independent claims administrator of a self-insured employer is barred by the exclusive remedy provisions of the Workers' Compensation Act (hereafter the Act). (Lab. Code, §§ 3600-3602.)[1]

### Factual and Procedural Background

▮ As the appeal arises from the sustaining of a demurrer, we assume the truth of the facts alleged in the complaint. (*Schlick* v. *Comco Management, Inc.* (1987) 196 Cal.App.3d 974, 977 [242 Cal.Rptr. 241].) Appellant began to work for Leaseway Trucking Company, a subsidiary of respondent Sears, Roebuck & Company (Sears) in October 1975. In August 1981, he began work for respondent Metropolitan Contract Services, Inc. (Metropolitan), also a subsidiary of Sears. Since August 1981, appellant has been entitled to workers' compensation benefits under the appropriate provisions of the Labor Code, and has applied for such benefits on several occasions. Respondent Crawford & Company, the independent claims administrator

---

[1] Unless otherwise indicated, all statutory references are to the Labor Code.

for Metropolitan, and its employee, James Currien, have unreasonably refused to pay benefits.[2]

On August 11, 1986, appellant filed a complaint in superior court against Crawford & Company, Currien, Metropolitan, Sears, and Ruel Ackenheil, an agent of Sears and Metropolitan. Respondents' demurrer, based upon the exclusive remedy argument, was apparently sustained, and a first amended complaint, filed on February 4, 1987, added allegations of medical expenses caused by the refusal to pay and failure to consider the merits of the claim. Respondents' second demurrer was sustained without leave to amend, and judgment was entered thereon on April 22, 1987.

*Discussion*

■   Subject to exceptions not relevant here, former section 3601[3] provided that where the conditions of compensation of section 3600 concur, the right to recover compensation under the Act is the exclusive remedy against the employer for injury or death of an employee. Section 3850, subdivision (b), provides that the term " 'Employer' includes insurer . . . ." Thus, the compensation carrier enjoys the same immunity as an employer from civil damages resulting from work injuries. (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 625 [102 Cal.Rptr. 815, 498 P.2d 1063].) Section 3852 makes it clear that the employee retains the right to bring an action for damages against "any person other than the employer."

■   Appellant relies on *Dill* v. *Claims Admin. Services, Inc.* (1986) 178 Cal.App.3d 1184 [224 Cal.Rptr. 273] to argue that this action is not barred by the exclusive remedy provisions of the Act. *Dill* concerned an action against an employer's independent claims administrator which allegedly failed to pay workers' compensation benefits. The court utilized a "literal reading" of the Act and determined that suit was precluded only against the employer and the insurance carrier. (*Id.*, at p. 1189; §§ 3850, 3852.) *Dill* also relied on language in *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, to the effect that the insurer's agents and an independent investigator, who are not the employer or insurer, would be subject to suit as third parties.

---

[2]The allegations of the complaint provide very little factual information as to the nature of the acts complained of and the source of appellant's right to benefits. They are, however, similar to the skeletal allegations set forth in the complaint in *Denning* v. *Esis Corp.* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118], and are sufficient to allow review of the exclusive remedy issue raised by respondents' demurrer.

[3]At the time of the injury alleged in appellant's complaint, the exclusive remedy provision regarding employers was contained in section 3601. A 1982 amendment moved the provision to section 3602.

Respondents rely on the cases of *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679], and *Denning* v. *Esis Corp., supra,* 139 Cal.App.3d 946. *Santiago* and *Denning,* like *Dill,* involved alleged failure to pay compensation benefits. The defendants were independent administrators of the compensation programs of self-insured employers. The *Santiago* and *Denning* courts determined that the employees' third party damage actions were barred by the exclusive remedy provisions of the Act. Although the conflicting results of these cases cannot be explained by factual differences, the court in *Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974, 978, aptly noted that the *Dill* court focused on the status of the defendant to reach its result, while *Santiago* and *Denning* focused on the nature of the activity challenged.[4] We agree with the court in *Schlick,* that the appropriate focus is the nature of the activity being challenged.

The *Santiago* court noted: "Proceedings which in any manner concern the recovery of compensation, or any right or liability 'arising out of or incidental thereto' are to be instituted solely before the Appeals Board. (Lab. Code, § 5300, subd. (a).) Moreover, the Act allows for a specific remedy of a 10 percent penalty in the event payment of a compensation award is unreasonably delayed or refused. (Lab. Code, § 5814.)" (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d at p. 901.) These provisions lend strong support to the conclusion that a suit arising out of the payment of compensation benefits, rather than some independent activity resulting in additional injury, is subject to the Workers' Compensation Appeals Board's exclusive jurisdiction.[5] The presence of the penalty provision indicates a legislative intent that delayed payment be dealt with under the provisions of the Act. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898; *Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974.)

Professor Arthur Larson, the noted authority on workers' compensation law, discusses the appropriate analytical approach to the analogous problem of a carrier's susceptibility to a third party action when a state's compensation statute does not expressly confer immunity from third party suits. Professor Larson states that a functional approach, which analyzes the

---

[4] Although the status of a defendant as an employer or carrier may resolve the case on grounds of immunity, the inquiry does not end there when the defendant is found not to be immune. (*Hernandez* v. *General Adjustment Bureau* (1988) 199 Cal.App.3d 999, 1004-1005 [245 Cal.Rptr. 288].) The nature of the activity challenged may still determine that exclusive jurisdiction lies with the Workers' Compensation Appeals Board. (*Ibid.*)

[5] The *Schlick* court noted the existence of new workers' compensation legislation regulating the activities of independent administrators for self-insured employers, which lends support to the conclusion that such entities be dealt with under the Act. (*Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974, 980.)

carrier's actions, is preferable to a conceptual approach which focuses on the identity of the defendant. (2A Larson, Workmen's Compensation Law (1987) § 72.97, p. 14-327.) "[F]ictions have no place in the interpretation of a detailed modern statute. Concepts like 'the blending of jural personalities,' and statements that 'the insurer merges into the employer,' or 'stands in his shoes,' or even '*is* the employer' . . . are not legal reasons supporting a conclusion." (*Ibid.*, fn. omitted.) Thus, Professor Larson suggests a principled distinction between the insurer who is performing the function of paying for benefits, and one who is physically performing some service related to the workers' compensation statute, such as providing medical care or safety inspections. (*Id.*, at p. 14-328.)

We believe this distinction is appropriate in the present case, where the independent claims administrator is not specifically identified with the employer in the Act. Thus, where, as here, the administrator has denied or delayed payment, the exclusive remedy lies with the Workers' Compensation Appeals Board. Failure to pay compensation benefits is, and should be, a matter solely within the board's jurisdiction. (§ 5300.) This is contrasted with the situation in *Unruh* v. *Truck Insurance Exchange, supra,* 7 Cal.3d 616, where an insurance carrier's agents lured the injured employee into exceeding her physical abilities by taking her on a date to Disneyland and violently shaking a rope bridge, while taking surveillance motion pictures of the employee's attempts to cross the bridge. This physical action of the defendants in *Unruh* was outside the proper role of the carrier and caused injuries in addition to the original work-related condition. (*Id.*, at pp. 620-621.) *Unruh* did not involve proceedings for "the recovery of compensation" and, therefore, did not discuss the board's exclusive jurisdiction of such matters under section 5300.

Respondents call our attention to the recent case of *Mottola* v. *R. L. Kautz & Co.* (1988) 199 Cal.App.3d 98 [244 Cal.Rptr. 737], which held that an action for failure to pay workers' compensation benefits against an independent adjuster was barred by the exclusive remedy provisions. Although we agree with the result in *Mottola,* we do not agree with that court's finding that the independent adjuster of the employer was the employer's "alter ego" and, therefore, immune from an action for damages. We are in closer agreement with the court in *Hernandez* v. *General Adjustment Bureau, supra,* 199 Cal.App.3d 999. Hernandez determined that an independent adjuster employed by the *carrier* is not entitled to the immunity of section 3850, but that an action for damages is barred by the

jurisdictional provisions of section 5300 whenever the plaintiff seeks damages for a delay or refusal to pay workers' compensation benefits.[6]

In the words of Justice Grodin, "we are not so naive as to believe that insurance carriers do not on occasion frustrate the objectives of the workers' compensation statute by intentionally dragging their feet. It may be that something more than the 10 percent penalty provided by the statute is required in order to deter such conduct." (*Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886, 894 [183 Cal.Rptr. 502].) We believe, however, that in the case of independent administrators of a self-insured employer's compensation program, such a step must be taken by the Legislature to avoid a "partial disintegration" of the workers' compensation system by subjecting every delay and difference of opinion to independent third party court actions. (*Noe* v. *Travelers Ins. Co.* (1959) 172 Cal.App.2d 731, 737 [342 P.2d 976].)

The judgment is affirmed.

Elkington, Acting P. J., and Newsom, J., concurred.

---

[6] Inexplicably, the *Hernandez* court allowed the maintenance of a cause of action for intentional infliction of emotional distress based on a failure to pay benefits. We agree with the court in *Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974, 980, that the superior court has no jurisdiction to hear a claim based on delay or refusal to pay benefits, even against a third party. Only in unusual circumstances such as those found in *Unruh,* where there is intentional, outrageous conduct outside the normal scope of duty, can a superior court action be maintained. Mere allegations of emotional distress are not sufficient to trigger this exception. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 902; *Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974, 981.) Neither does *Unruh* create an exception for all intentional torts. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 905.)