[No. S000235. June 29, 1989.]

MARSH & McLENNAN, INC., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
RUTH SILVESTRI, Real Party in Interest.

**COUNSEL**

Cummins & White, Larry M. Arnold, Laurence P. Nokes and Robert W. Bollar for Petitioner.

No appearance for Respondent.

David W. Graf for Real Party in Interest.

**OPINION**

**PANELLI, J.**—This case presents the issue whether the California workers' compensation system preempts a private cause of action by an injured worker against the independent claims administrator of his self-insured employer for the delay or refusal to pay compensation benefits. We conclude that the system does preempt such an action.

### FACTS

Frank Silvestri died of cardiac arrest in January 1984, allegedly arising out of and during the course and scope of his employment with the San Francisco Newspaper Agency (Agency). As a result, his widow applied for workers' compensation benefits.

The Agency utilizes a self-insured workers' compensation program and retains Marsh & McLennan, Inc., as its independent claims administrator. On behalf of the Agency, Marsh & McLennan paid Mr. Silvestri's funeral expenses and began paying monthly death benefits to Mrs. Silvestri in June

1984. In September 1985, however, it discontinued the payments, allegedly before paying all of the benefits due to Mrs. Silvestri. The record does not reveal Marsh & McLennan's reasons for stopping the payments.

■■■■ Mrs. Silvestri brought suit against Marsh & McLennan, alleging fraud, intentional infliction of emotional distress, breach of fiduciary duty, and violation of Insurance Code section 790.03, subdivision (h).[1] Marsh & McLennan demurred to the complaint pursuant to the exclusive remedy provisions of the workers' compensation system, arguing that the trial court had no jurisdiction to entertain Mrs. Silvestri's complaint. The trial court allowed the causes of action for fraud, emotional distress and breach of duty to stand, but sustained the demurrer as to the alleged violation of the Insurance Code. Marsh & McLennan then petitioned the Court of Appeal for a writ of mandate to require the trial court to sustain the demurrer as to the remaining causes of action; the Court of Appeal summarily denied the petition. We granted review and issued an alternative writ.

## DISCUSSION

The Workers' Compensation Act (Act), codified in section 3201 et seq. of the Labor Code, sets forth an elaborate scheme for the compensation of California employees injured in the course and scope of their employment. Labor Code section 3602 expressly states that the right to recover workers' compensation benefits is "the sole and exclusive remedy" available to an injured employee against his employer.[2] ■ Moreover, the WCAB has exclusive jurisdiction over disputes regarding an employee's right to compensation or the liability of an employer. (§ 5300, subds. (a) & (b).)[3]

---

[1] The record does not reveal why Mrs. Silvestri failed to seek review of the discontinuance of payments with the Workers' Compensation Appeals Board (WCAB). The complaint states that "On or about June 14, 1984, [Marsh & McLennan] agreed with plaintiff that her husband's death was work related and represented to her that they felt she was entitled to workers' compensation benefits." It then states that Marsh & McLennan "made the representation with the intent to deceive and defraud plaintiff in order to lull plaintiff into a false sense of security and forego filing a claim while the applicable statute of limitations ran." These statements do not explain, however, why she did not file a claim with the WCAB after Marsh & McLennan discontinued her payments in September 1985. Although subdivision (a) of section 5406 of the Labor Code requires that the dependents of deceased employees file a claim with the WCAB within one year from the date of the employee's death, the payment of benefits tolls the limitations period. (Lab. Code, § 5405, subd. (c).) In any event, the proper forum for resolving issues regarding the limitations period is the WCAB.

[2] Section 3602 provides in pertinent part: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer . . . ." All further statutory references are to the Labor Code unless otherwise indicated.

[3] Section 5300 provides in pertinent part: "All the following proceedings shall be instituted before the appeals board and not elsewhere . . . . (a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto. (b) For the enforcement

■ The exclusive remedy provisions of the system are designed to provide "a quick, simple and readily accessible method of claiming and receiving compensation." (*Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 20 [171 Cal.Rptr. 164].)

■ Additionally, an employee may not sue his employer's insurance carrier (subject to a narrow exception discussed below) because the Act defines "employer" to include "insurer." (§ 3850, subd. (b).)[4] The Act does, however, allow an employee to bring suit against any person *other* than his employer who proximately caused his injury. (§ 3852.)[5] The Act further provides that an employee's award will be increased by 10 percent if the insurer unreasonably delays or refuses to pay benefits. (§ 5814.)[6]

■ We carved out a narrow exception to the WCAB's exclusive jurisdiction in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063]. Truck, a workers' compensation carrier, hired Baker, a private investigator, to evaluate the extent of the plaintiff's work-related back injury. Baker was overzealous in his investigation: He first "caused [plaintiff] 'to become emotionally interested' in him," then took her to Disneyland, where he made her cross rope and barrel bridges on the "Tom Sawyer Island" attraction. In order to discredit her claim of physical limitation, he secretly filmed her attempting to negotiate the bridges while he "did . . . violently shake and disturb" them. After viewing the film at her WCAB hearing, the plaintiff suffered a physical and mental breakdown requiring hospitalization. (*Id.* at p. 621.)

We allowed the plaintiff to bring an action against Truck for assault and intentional infliction of emotional distress based on the tortious acts of Baker, its agent. (7 Cal.3d at pp. 630-631.) After stating that the detection of "fraudulent, or grossly exaggerated claims for benefits . . . is an important function of the insurer in the workmen's compensation scheme" (*id.* at p. 627), we found that Truck's conduct was so extreme and outrageous that it had in effect stepped out of its role as an insurer and could therefore be held liable under section 3852 as "any person other than the employer." (*Id.* at pp. 630-631.) We also noted that the Act did not preclude the plaintiff

---

against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person."

[4] Section 3850 provides in pertinent part: "As used in this chapter: . . . (b) 'Employer' includes insurer . . . ."

[5] Section 3852 provides in pertinent part: "The claim of an employee, including, but not limited to, any peace officer or firefighter, for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer."

[6] Section 5814 provides in pertinent part: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent."

from bringing a separate suit against Baker, since investigators are neither employers nor insurers. (*Id.* at pp. 625-626.)

Subsequent decisions from the Courts of Appeal have limited the liability of insurance carriers under *Unruh*. ■ The court in *Everfield, supra,* 115 Cal.App.3d 15, held that an insurer that delays making payments to an injured worker or changes the amount of payments is not, under *Unruh,* subject to liability outside of the workers' compensation scheme. "The reasons for delay, whether intentional or negligent, whether excusable or not, can be well inquired into by the board and where necessary discipline imposed. The same is true of reasons for changing amounts of periodic payments." (*Id.* at p. 19.) The court in *Fremont Indemnity* v. *Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184] relied on *Everfield* in disallowing causes of action for bad faith, emotional distress and violation of the Insurance Code against an insurer that delayed and altered an injured worker's benefits. These cases confirmed the principle that the WCAB is the most appropriate forum for resolving disputes over the delay or discontinuance of benefits. (*Fremont, supra,* 133 Cal.App.3d at p. 882; *Everfield, supra,* 115 Cal.App.3d at p. 19. See also *Depew* v. *Hartford Acc. & Indem. Co.* (1982) 135 Cal.App.3d 574 [185 Cal.Rptr. 472]; *Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886 [183 Cal.Rptr. 502].)

■ Mrs. Silvestri bases her claim against Marsh & McLennan on *Unruh,* relying extensively on *Dill* v. *Claims Admin. Services, Inc.* (1986) 178 Cal.App.3d 1184 [224 Cal.Rptr. 273]. There, the court allowed Dill, an employee of Kaiser Permanente Medical Group (a self-insured company) to sue CAS, the independent claims administrator retained by Kaiser, after CAS refused to pay Dill workers' compensation benefits. Dill's complaint included causes of action for violation of the implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, and intentional infliction of emotional distress.[7] The court applied "the literal meaning" of sections 3850 and 3852 in reaching the conclusion that CAS is "neither an employer nor an insurer" (*id.* at p. 1188) and is therefore "a person 'other than an employer' against whom Dill is allowed to maintain an action in the superior court." (*Id.* at p. 1189; see *ante,* fns. 4 & 5.)

In our view, the *Dill* court erred by focusing solely on sections 3850 and 3852. The exclusive remedy doctrine stems also from sections 5300 and 5814, which refer to the "recovery of compensation" and the "payment of

---

[7]The court sustained CAS's demurrer to Dill's cause of action for violation of Insurance Code section 790.03, subdivision (h), holding that independent claims administrators of self-insured companies are not "engaged in the business of insurance [as defined in Insurance Code section 790.01]." (*Dill, supra,* 178 Cal.App.3d at pp. 1189-90.) The trial court in the instant case similarly sustained Marsh & McLennan's demurrer to Mrs. Silvestri's cause of action under section 790.03. Since Mrs. Silvestri does not seek relief from that ruling, the issue is not now before us.

compensation." (See *ante*, fns. 3 & 6.) These latter terms imply that the workers' compensation system encompasses all disputes over coverage and payment, whether they result from actions taken by the employer, by the employer's insurance carrier or, as occurred in this case, by an independent claims administrator hired by the employer to handle the worker's claim. Accepting the *Dill* court's distinction would vitiate the very purpose of the exclusive remedy provisions of the Act.[8]

In addition, the *Dill* court failed to appreciate the deterrent effect of section 5814. (178 Cal.App.3d at p. 1189, fn. 3.) Section 5814 authorizes the WCAB to increase a compensation award by 10 percent if it finds that the employer has "unreasonably delayed or refused" compensation. (See *ante*, fn. 6.) An employer who must pay the statutory penalty due to the misconduct of its independent claims administrator would most likely request reimbursement from the administrator. Because administrators may reasonably anticipate ultimate responsibility for the penalty, section 5814, contrary to the *Dill* court's assertion, deters them from unreasonably delaying or refusing payments despite the fact that the section may not make them directly liable to the aggrieved employee.

■ Finally, the *Dill* court incorrectly equated private investigators and independent claims administrators. (178 Cal.App.3d at pp. 1188-89.) Section 1759 of the Insurance Code defines an administrator as "any person who collects any charge or premium from, or who adjusts or settles claims on, residents of this state in connection with life or health insurance coverage or annuities . . . ."[9] Self-insured employers such as the Agency, lacking the expertise to themselves handle the workers' compensation claims of their employees, contract with claims administrators to undertake all of their worker compensation related tasks—e.g., reviewing claims, processing forms and disbursing payments. The role of a private investigator is much

---

[8] Hence, our unwillingness to allow Mrs. Silvestri to bring "an action at common law" against Marsh & McLennan is not, as the dissent suggests, "a bootstrap argument" (dis. opn., *post*, at p. 12), but rather a conclusion drawn from the language and intent of the Workers' Compensation Act.

[9] Although Marsh & McLennan and the defendants in other cases (see, e.g., *Dill, supra*, 178 Cal.App.3d 1184; *Denning* v. *Esis* (1983) 139 Cal.App.3d 946 [189 Cal.Rptr. 118]) describe themselves as "independently retained claims administrators," the definition of an administrator includes reference to adjusting. We note that firms often use the appellations "administrator" and "adjuster" interchangeably and that the activities of the two types of businesses often overlap.

Moreover, section 14021 of the Insurance Code specifically differentiates between adjusters and investigators: "An insurance adjuster within the meaning of this chapter is a person *other than a private investigator* as defined in Section 7521 of the Business and Professions Code . . . ." (Italics added.) Similarly, section 7521 of the Business and Professions Code states that "A private investigator within the meaning of this chapter is a person, *other than an insurance adjuster* . . . ." (Italics added.) The Act therefore retains exclusive jurisdiction over actions against claims adjusters, as well as claims administrators.

narrower.[10] In addition, recent amendments to the Act evidence a broad legislative intent to place the activities of administrators under the purview of the workers' compensation system. Administrators must now obtain certification from the Director of Industrial Relations (§ 3702.1, subd. (a)) and are subject to fines or revocation of their certificates at any time for good cause (§ 3702.7). (Added by Stats. 1984, ch. 1521, §§ 2, 4, p. 5366.) They must also file annual reports with the director. (§ 3702.2, added by Stats. 1986, ch. 1128, § 8, p. 4055.)

Several Court of Appeal decisions conflict with the holding of *Dill*: Marsh & McLennan relies primarily on *Denning, supra*, 139 Cal.App.3d 946, and *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679]. In *Denning*, an employee of Garrett Airesearch, a self-insured corporation, brought an action against Esis, Garrett's independent claims administrator, seeking damages for breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and violation of Insurance Code section 790.03, subdivision (h). Agreeing with the trial court that any failure to provide workers' compensation benefits to an injured employee " 'is squarely cognizable by the WCAB,' " the court found it "unnecessary to belabor the matter" and affirmed the judgment of dismissal. (139 Cal.App.3d at pp. 948-949.)

Likewise, the court in *Santiago, supra*, 168 Cal.App.3d 898, disallowed causes of action against Employee Benefits Services, a claims administrator, for emotional distress, wrongful refusal to pay, loss of consortium and violation of Insurance Code section 790.03, subdivision (h). The Court of Appeal's analysis applies with equal strength to the case at bench: "The crux of the cause of action below, as in *Denning*, was the alleged failure to pay compensation benefits. Such conduct is clearly within the exclusive jurisdiction of the Appeals Board. [Citation.]" (*Id.* at p. 904.) The court thus rejected Santiago's argument that his alleged causes of action against the claims administrators were regulated by the Insurance Code (*ibid.*), as well as his assertion that the claims administrator's delay in payments was actionable under *Unruh*. (*Id.* at p. 905.)

Courts of Appeal have increasingly relied on the logic of *Denning* and *Santiago* and rejected the conclusion of *Dill*. In *Phillips* v. *Crawford* (1988) 202 Cal.App.3d 383 [248 Cal.Rptr. 371], for instance, an employee of a subsidiary of Sears, Roebuck and Co., filed a complaint against Crawford, Sears's independent claims administrator, alleging that Crawford unreasonably refused to pay his workers' compensation benefits. The trial court

---

[10] Moreover, administrators have legal responsibilities that investigators do not. (See, e.g., Ins. Code, § 1759.1 [contract between the insurer and administrator must be in writing]; Ins. Code, § 1759.9 [insured individuals must be notified of the administrator's identity]; Ins. Code, § 1759.10 [administrators must be certified by the insurance commissioner].)

sustained Crawford's demurrer, based on the exclusive remedy provisions of the Act. Like Mrs. Silvestri in the case at bench, Phillips relied on *Dill* to argue that the Act does not preclude his lawsuit against Crawford, and on *Unruh* to argue that claims administrators are subject to suit as third parties. (*Id.* at p. 386.) Crawford, like Marsh & McLennan, cited *Santiago* and *Denning* for the proposition that the exclusive remedy provisions of the Act bar Phillips's action. (*Id.* at p. 387.) The *Phillips* court affirmed the sustaining of the demurrer. It distinguished *Dill* on the grounds that the *Dill* court incorrectly focused on the status of the defendant to determine whether the defendant could invoke the immunity of the Act, while the *Santiago* and *Denning* cases focused correctly on the nature of the defendant's actions. In effect, the *Phillips* court found that the Act covers all disputes over the payment of compensation to injured employees, regardless of what type of entity refused or delayed those payments. (*Id.* at pp. 387-388; see also *Hernandez* v. *General Adjustment Bureau* (1988) 199 Cal.App.3d 999, 1004 [245 Cal.Rptr. 288].)

*Mottola* v. *R.L. Kautz & Co.* (1988) 199 Cal.App.3d 98 [244 Cal.Rptr. 737] presents a similar scenario. An injured employee of Compton Unified School District sued Kautz, the school district's claims adjuster, for violation of Insurance Code section 790.03 and intentional and negligent infliction of emotional distress, after Kautz refused to pay workers' compensation benefits. The trial court sustained Kautz's demurrer, based on the exclusive remedy provisions of the Act. In affirming the trial court's decision, the *Mottola* court reached the correct result, though it placed too much emphasis on Kautz's *status* rather than on its *actions*. (*Id.* at p. 108.) The WCAB is an employee's exclusive forum for relief when any entity unreasonably delays or refuses to pay his compensation benefits. (See also *Schlick* v. *Comco Management, Inc.* (1987) 196 Cal.App.3d 974, 980 [242 Cal.Rptr. 241].) Only when the entity commits tortious acts independent of its role as a provider of workers' compensation benefits may an employee maintain a private cause of action under *Unruh*.

## CONCLUSION

In sum, we hold that sections 3602, 5300 and 5814 create a statutory scheme that preempts private causes of action by injured employees against the independent insurance claims administrators and adjusters hired by their self-insured employers that unreasonably delay or refuse to pay compensation benefits. We thus accept the reasoning of the *Denning* (*supra*, 139 Cal.App.3d 946), *Santiago* (*supra*, 168 Cal.App.3d 898) and more recent cases, and reject the holding of *Dill* (*supra*, 178 Cal.App.3d 1184).[11]

---

[11] The dissent stands alone in its acceptance of the reasoning of the *Dill* court: Every Court of Appeal that has addressed the issue since the *Dill* decision has rejected that court's

■ In addition, we conclude that Mrs. Silvestri cannot maintain a cause of action under *Unruh, supra*, 7 Cal.3d 616. Marsh & McLennan's actions were not in any way so extreme and outrageous that it in effect stepped out of its role as a claims administrator as required by *Unruh*. Contrary to the dissent's assertion (dis. opn., *post*, at p. 13), a claims administrator, like an insurer, *may* be liable under *Unruh*; however, Marsh & McLennan's alleged misconduct, if any, stemmed from the discontinuance of payments to Mrs. Silvestri and is properly addressed by the WCAB. The Act thus provides Mrs. Silvestri's exclusive remedy for Marsh & McLennan's acts of alleged misconduct.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Orange County Superior Court to vacate its order denying Marsh & McLennan's demurrer and to enter a new order consistent with this opinion.

Lucas, C. J., Broussard, J., Eagleson, J., Kaufman, J., and Kennard, J., concurred.

**MOSK, J.**—I dissent. In my view, Mrs. Silvestri is entitled to bring an action at common law against Marsh & McLennan because it is an independent contractor, and therefore an entity "other than the employer." (Lab. Code, § 3852.)[1]

The majority are critical of the decision in *Dill* v. *Claims Admin. Services, Inc.* (1986) 178 Cal.App.3d 1184 [224 Cal.Rptr. 273] (hereafter *Dill*), but they fail to note that *Dill* was based on our decision in *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 625-626 [102 Cal.Rptr. 815, 498 P.2d 1063] (hereafter *Unruh*). *Dill*'s application of *Unruh* was entirely correct. The holding of the majority is in conflict with our holding in that case.

In *Unruh* the plaintiff, who had been awarded benefits for workers' compensation, brought an action at common law for damages she suffered when a private investigator named Baker, employed by the insurer, acted improperly in conducting an investigation as to the extent of her disability. She brought suit not only against the insurer, but also against two of its agents, and Baker as well. This court held that the agents and Baker "are clearly not the employer's insurers and . . . are subject to civil suit as third parties.

holding. In fact, the same division of the same district of the Court of Appeal (Fourth Dist., Div. Three) that denied Marsh & McLennan's petition for writ relief reversed its position 10 months later in *Schlick, supra*, 196 Cal.App.3d 974.

[1] Section 3852 provides in part: "The claim of an employee . . . for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer . . . ."

All statutory references hereafter are to the Labor Code unless otherwise specified.

Defendant Baker, the investigator employed by . . . [the insurer] is also subject to civil suit as a third party . . . . We, therefore, conclude that the . . . defendants, other than . . . [the insurer] are persons 'other than the employer' within the meaning of section 3852, against whom plaintiff was entitled to bring an action for damages . . . ." (7 Cal.3d at pp. 625-626.)

*Dill* simply applied this holding to an independent claims administrator, concluding that it, too, is a "person other than the employer."

The majority conclude that the court in *Dill* erred in focussing on sections 3850[2] and 3852 "because the exclusive remedy doctrine also stems from sections 5300 and 5814, which refer to the 'recovery of compensation' and the 'payment of compensation.'" (Maj. opn., *ante,* at pp. 7-8.) But this is entirely a bootstrap argument. Mrs. Silvestri is not seeking to recover compensation from Marsh & McLennan, but is seeking relief in an action at common law. Therefore, the fact that these statutes relegate her to the workers' compensation system for the recovery of compensation does not prevent the filing of an action for damages at common law against a defendant who is not an "employer."

A further ground on which the majority base their conclusion is that the 10 percent penalty imposed on the employer (or the insurer) for compensation benefits "unreasonably delayed or refused" (§ 5814) will deter independent claims administrators from such misconduct because an employer required to pay the penalty for the administrator's dereliction will "most likely request reimbursement from the administrator." (Maj. opn., *ante,* at p. 8.) But the same may be said of any agent of the insurer. Nevertheless, the fact that the employer might hold the agent responsible did not deter our court in *Unruh* from holding that the insurer's agents and Baker were "persons other than the employer" for purposes of section 3852.

The majority's final reason for failing to follow the holding of *Dill* is that a private investigator, held liable in a common law action in *Unruh,* has more narrow duties than a claims administrator. I fail to see how this provides a reason for holding that a claims administrator is not a "person other than the employer," while a private investigator, employed by the insurer to investigate a workers' compensation claim, is such a person. Moreover, in *Unruh* we held the agents of the insurer were also liable for civil damages.

It seems unavoidable to me that the holding of the majority that "the workers' compensation system encompasses all disputes over coverage and payment" (maj. opn., *ante,* at p. 8) is contrary to *Unruh.* In *Unruh* as well

---

[2] Section 3850 provides in part: "As used in this chapter: . . . (b) 'Employer' includes insurer . . . ."

as in this case, the worker had been awarded compensation. The claims made by the worker in *Unruh* arose out of the acts of the investigator in the course of attempting to cast doubt on the worker's claim for compensation. She allegedly suffered mental distress when the films taken during the surveillance were shown at a hearing in the workers' compensation proceeding. These acts were clearly "disputes over coverage and payment" of workers' compensation benefits, yet they were nevertheless held to be cognizable in a civil action against the insurer's agents and the investigator hired by the insurer. How can it be said, therefore, as do the majority, that "all disputes over coverage and payment" of benefits must be brought under the workers' compensation system?

Finally, the majority unjustifiably take judicial notice of the "fact" that the "firms often use the appellations 'administrator' and 'adjuster' interchangeably and that the activities of the two types of businesses often overlap." (Maj. opn., *ante,* fn. 9, at p. 8.) These matters are not "[f]acts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute." (Evid. Code, § 451, subd. (f).) In the absence of evidence, the subject was apparently unknown to the trial judge and to the justices of the Court of Appeal—and I confess it is not within my "generalized knowledge."

I would hold that the Court of Appeal correctly denied the petition for a writ of mandate.