108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William D. MAXON; Self-Insured Management Services,
Plaintiffs-counter-defendants-appellants,
v.
FRONTIER ADJUSTERS, INC., Defendant-counter-cliamant-appellee.
 No. 95-56029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 17, 1996.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Maxon appeals from the district court's entry of summary judgment in favor of Frontier Adjusters, Inc. ("Frontier"). Maxon, an insurance adjuster and Frontier's largest licensee, sued Frontier for breach of contract and fraud. The basis for the suit was Frontier's termination of Maxon's licenses after Maxon failed to pay license fees on business he was conducting as a third-party administrator ("TPA") for several self-insured companies. Maxon paid license fees of ten percent on his income from his first TPA client, Rexhall Industries, but refused to pay such fees on income from several subsequent clients, including the Salvation Army. The district court entered summary judgment in favor of Frontier on Maxon's fraud and breach of contract claims and on Frontier's counterclaim for stipulated damages. We review de novo a grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court correctly held that Maxon's TPA billings were subject to license fees under Maxon's license agreements with Frontier, as California law does not draw a meaningful distinction between insurance adjusters and administrators. California Law includes adjusting as one of the responsibilities of a claims administrator. See Cal.Lab. Code § 3702.1(c) (West 1989) (referring to "each adjusting location operated by a third-party administrator"). In addition, the California Supreme Court has recognized "that firms often use the appellations 'administrator' and 'adjuster' interchangeably and that the activities of the two types of businesses often overlap." Marsh & McLennan, Inc. v. Superior Court, 49 Cal.3d 1, 8 n. 9 (1989). Under Maxon's license agreements, which required Maxon to pay fees on "all types of claims," Maxon clearly owed fees to Frontier for his TPA billings. Maxon's payment of license fees on the Rexhall account, as well as his efforts to obtain a reduction or elimination in such fees for his other TPA accounts, indicate that Maxon himself understood California law and the license agreements to draw no distinction between adjusting and administering. The district court correctly determined that Maxon breached the license agreements by failing to pay fees to Frontier for his TPA work and owed Frontier its stipulated damages as a result of that breach.
 
 
 4
 Moreover, Frontier has not waived its right to these fees. During the year that Maxon claims to have operated his TPA business without paying fees, Frontier never expressly relieved Maxon of his obligation to pay and continued to collect fees from Maxon on his Rexhall account. Frontier has not knowingly relinquished its right to license fees on Maxon's TPA income. See City of Ukiah v. Fones, 64 Cal.2d 104, 108 (1966). Similarly, Maxon cannot estop Frontier from pressing its contract claim. Maxon could not reasonably have interpreted the statements that Frontier President Rocke allegedly made as relieving Maxon of his contractual obligation to pay license fees for his TPA business. Furthermore, Maxon's continued payment of fees for his Rexhall business seriously undermines any claim that he relied upon Rocke's statements as the basis for his refusal to pay license fees. See generally Golden West Baseball Co. v. Anaheim, 25 Cal.App.4th 11, 47 (Ct.App.1994) (setting forth elements of an estoppel defense).
 
 
 5
 Maxon also cannot succeed on a fraud claim. For the same reasons that Maxon's estoppel claim fails--that Rocke's statements simply could not have intended to induce reliance by Maxon--his fraud claim must fail. Rocke's decidedly ambiguous statements to Maxon are insufficient to support a fraud cause of action. See Slakey Bros. Sacramento, Inc. v. Parker, 265 Cal.App.2d 204, 211 (Ct.App.1968). Maxon could not have reasonably relied on such vague comments, and his signing of the Salvation Army contract before his second meeting with Rocke defeats any claim of actual reliance. See Wagner v. Benson, 101 Cal.App.3d 27, 36 (1980) (reliance an "essential element" of fraud). As Maxon failed to establish several of the elements of a fraud cause of action, the district court correctly granted summary judgment to Frontier on Maxon's fraud claim.
 
 
 6
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3