FILED

NOT FOR PUBLICATION

DEC 17 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BLACK, VICTOR GREGORY, THOMAS STEPHENSON, JACOB HUBER, CARLA MCCULLOUGH, TIM BRAYSHAW, DUSTIN FUJIWARA, JOSEPH VIOLA, JUSTIN VELOZ, GEOFFREY BARRETT, BRIAN PARK, RUSSELL THURMAN, BOYD MAYO, and VERNELL ROSS-MULLIN,<br><br>       Plaintiffs-Appellants,<br><br>  v.<br><br>CORVEL ENTERPRISE COMP INC., YORK RISK SERVICES GROUP, INC., TANYA MULLINS, PAULA FANTULIN, BRITNEY FAITH, and MEXTLI HYDE,<br><br>       Defendants-Appellees. | No.   17-55956<br><br>D.C. No.<br>5:14-cv-02588-JBG-KK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,[**] District Judge.

The district court dismissed Appellants' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and 42 U.S.C. § 1983 pursuant to Rule 12(b)(6). The district court concluded Appellants had failed to allege the denial of a property interest sufficient to support their claims under RICO and § 1983. Additionally, the district court dismissed Appellants' state law claims, finding that they were preempted by the exclusive remedy provision of the California Workers Compensation Act ("WCA"). Cal. Lab. Code § 3602. We have jurisdiction under 28 U.S.C. § 1291.

**STANDARD**

We review *de novo* a district court's dismissal of an action under Rule 12(b)(6). *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014).

On a motion to dismiss for failure to state a claim, all factual allegations are accepted as true and construed in the light most favorable to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009). To survive dismissal, the complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[**] The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

2

570 (2007). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

**1. RICO**

To maintain a civil RICO claim, a plaintiff must allege that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)).

At issue is whether Appellants have sufficiently alleged an injury to property. Appellants argue they maintain a property interest in their workers' compensation benefits prior to a final award of benefits. We disagree. "[T]he right to [California] workers' compensation benefits is 'wholly statutory,' and such

rights are not vested until they are 'reduced to final judgment.'"[1] *Angelotti Chiropractic, Inc.v. Baker*, 791 F.3d 1075, 1081 (9th Cir. 2015) (quoting *Graczyk v. Workers' Comp. Appeals Bd.*, 229 Cal. Rptr. 494, 500 (Cal. Ct. App. 1986)). Accordingly, the district court properly dismissed Appellants' RICO claims.

## 2.    42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the deprivation of "a right secured by the Constitution and laws of the United States," and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Appellants' § 1983 claim is premised on the Due Process Clause of the Fifth and Fourteenth Amendments. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.' " *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).

---

[1]Appellants Brayshaw and Viola alleged injury to a property right because they alleged that they were awarded workers' compensation benefits in the form of a final judgment and Appellees delayed or denied issuing benefits pursuant to their judgments. However, their RICO claims still fail because they did not sufficiently allege a pattern of racketeering activity. *See Durning v. Citibank, Int'l*, 990 F.2d 1133, 1138 (9th Cir. 2011); *Turner v. Cook*, 362 F.3d 1019, 1229 (9th Cir. 2004).

Again, Appellants fail to establish any property interest in their workers' compensation benefits prior to a final award of benefits.[2] *Angelotti*, 791 F.3d at 1081. Therefore, the district court properly dismissed Appellants' 42 U.S.C. §1983 claims.

**3.     State Law Claims**

Finally, we find the exclusive remedy provision of the WCA preempts Appellants' IIED and UCL claims. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 14 P. 3d 234, 244-45 (Cal. 2001). Appellants' alleged injury is "a normal part of the [workers' compensation] claims process." *Id.* at 250 (citing *Marsh & McLennan, Inc. v. Superior Court*, 774 P.2d 762, 767 (Cal. 1989)). Therefore, the district court properly dismissed Appellants' state law claims pursuant to the exclusive remedy provision of the WCA.

**AFFIRMED.**

---

[2]Although Appellants Brayshaw and Viola alleged injury to a property right, their § 1983 claims fail because they did not sufficiently allege that Appellees' violations were committed pursuant to "a policy, practice or custom of the entity." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).